THOMAS A. DIRKSEN (State Bar No. 178161)
4607 Lakeview Canyon Road, Suite 117
Westlake Village, CA 91361-4028
(trademarks@dirksenlaw.com)
Telephone: (805) 370-9100
Facsimile: (805) 435-1795

Attorney for Defendants Jakov Dulcich and Sons, LLC
and Sunlight International Sales, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| CYNDRA BUSCH, | Civil No. _____ |
| Plaintiff, | **NOTICE OF REMOVAL TO FEDERAL COURT** |
| v. | |
| JAKOV DULCICH AND SONS, LLC, a California limited liability company, SUNLIGHT INTERNATIONAL SALES, INC., a California corporation, and DOES 1-100, | |
| Defendants. | |

TO:   THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA

PLEASE TAKE NOTICE THAT Defendants JAKOV DULCICH AND

SONS, LLC, SUNLIGHT INTERNATIONAL SALES, INC. (collectively,

Defendants) hereby remove to this Court the state court action described below.

Defendants give notice that this action is removed to the United States District

Court for the Northern District of California at San Francisco from the Superior

Court of California for Marin County.  The bases for removal are federal-question

jurisdiction under 28 U.S.C. § 1331, copyright and unfair competition jurisdiction

under 28 U.S.C. § 1338, and Declaratory Judgment Act jurisdiction under 28

U.S.C. §§ 2201-02.

## BACKGROUND

1.     State Court Action: Plaintiff Cyndra Busch (Busch) filed this action on October 30, 2014 in Marin County, Case No. 1404125 (the State Court Action).  A true and correct copy of the Complaint is filed as an Appendix and is also appended to the Declaration of Thomas Dirksen (Dirksen Decl.) as Exhibit A.  Defendants are removing this action within 30 days after acquiring all right, title and interest in the subject copyrighted image.   They are in the process of seeking copyright registrations for the stylized graphics which are the direct basis for the claims asserted in this lawsuit.  *See* Ex. 1 to Complaint in State Court Action.

## STATUTORY REQUIREMENTS

### This Court Has Federal-Question Jurisdiction Under 28 U.S.C. § 1331 Because Plaintiff's Claims Raise Substantial Federal Issues.

2.     This Court has original jurisdiction over "any civil action arising under any Act of Congress relating to … copyrights …"  28 U.S.C. § 1338(a). Defendants seek a determination of federally-created rights under the federal copyright act (U.S. Code: Title 17) and under the declaratory judgment act under 28 U.S.C. §§ 2201-02.  This Court also has original jurisdiction over "any civil action asserting a claim of unfair competition when joined with and a substantial and related claim under the copyright … laws." § 1338(a).  This Court also has supplemental jurisdiction under 28 U.S.C. § 1367(a) over the issues of defendants' non-infringement of a state right of publicity and their non-liability for a state statutory claim for unfair competition, because the claims are so related to the federal claims within this Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Federal courts have long recognized that federal-question jurisdiction will lie over state-law claims that implicate significant federal issues.  *See Grable & Sons Metal Prods.  v. Darue Eng'g & Mfg*., 545 U.S. 308, 312 (2005).  This case implicates significant federal issues.

3.     Jakov Dulcich & Sons LLC and Sunlight International Sales, Inc. are a

NOTICE OF REMOVAL TO FEDERAL COURT: CIVIL NO. _____

family-owned business growing and selling the premium California table grapes under the PRETTY LADY® brand for nearly twenty years.  Dirksen Decl.  They use a stylized graphic of a pretty woman in conjunction with their branding.  *Id.*

4.      Plaintiff Cyndra Busch asserts that Ketchum Advertising hired her to pose as model for commercial photographs in January 1994.  Ex. A, Compl. ¶ 8. Over twenty years later, Busch has sued defendants for using stylized graphics on their Pretty Lady branded grapes.  Id.  After Busch brought this suit, Holly Stewart Photography applied for a copyright registration for the original photograph of the stylized graphic image of "Vanessa" (the fictional first name used in connection with the original advertisement).  *See* Exhibit B to Dirksen Decl.  Holly Stewart and her company recently assigned all right, title and interest in the subject copyrighted stylized graphic image to defendants effective December 31, 2014.  Defendants are in the process of filing the assignment of the copyright with the U.S. Copyright Office.  Dirksen Decl. ¶ 5.  They are also applying for copyright registration for the graphics that are Exhibit 1 to the complaint in the State Court Action.  *Id. ¶* 6.  The Copyright Act grants the copyright owner the exclusive rights to reproduce and prepare derivative works.  There is an actual controversy about the copyrighted graphics that are Exhibit 1 and the copyrighted image that is Exhibit 2 to the complaint in the State Court Action.  The copyrights and governing law operate in whole or in part as a defense against the right of privacy/publicity and unfair competition claims and against the remedy to enjoin the use of the photograph. Additionally, there is an actual controversy about the use of the copyrighted works.

5.      The complaint refers to the stylized graphics as alleged unauthorized uses of the photograph and likeness of Busch.  Ex. 1 to Compl.; Compl. ¶ 6.  The complaint also refers to the graphic image.  Compl. ¶ 8 ("taken from a photograph of Plaintiff"); id. ¶¶ 12, 17 ( first cause of action under the common law publicity right alleging defendants "used a photograph of Plaintiff for Defendants' commercial advantage" and "repeated use of Plaintiff's photograph and likeness");

NOTICE OF REMOVAL TO FEDERAL COURT: CIVIL NO. _____

*id.* ¶¶ 19, 17 (second cause of action under the right of publicity, commercial misappropriation, and California Civil Code § 3344 realleging the same and alleging defendants "used Plaintiff's photograph"); *id.* ¶¶ 30, 37 (third cause of action for the violation of unfair competition law, California Business & Professions Code § 17200 and realleging the same and alleging unfair competition over competitors and deceptive acts and practices and seeking an injunction against the use of the photograph).  The suit's prayer for relief asks for an order enjoining defendants from using the stylized graphic image.  Compl. at 7:25-27.

6.    Federal jurisdiction exists despite Plaintiffs' efforts to plead otherwise. As the Supreme Court has explained, "a plaintiff may not defeat removal by omitting to plead necessary federal questions.  If a court concludes that a plaintiff has artfully pleaded claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint."  *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998) (citations and internal quotation marks omitted); *see also Ayres v. Gen. Motors Corp.*, 234 F.3d 514, 519 n.7 (11th Cir. 2000) ("Removal will be held proper when the plaintiff has concealed a legitimate ground of removal by . . . artful pleading.").   In assessing federal jurisdiction, courts look to the substance of the complaint, not the labels used in it. *See Sparta Surgical Corp. v. NASD*, 159 F.3d 1209, 1212 (9th Cir. Cal. 1998) ("In addition to examining the literal language selected by the plaintiff, the district court must analyze whether federal jurisdiction would exist under a properly pleaded complaint."); *see also ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality*, 213 F.3d 1108, 1114 (9th Cir. 2000) ("[U]nder the artful pleading rule 'a plaintiff may not defeat removal by omitting to plead necessary federal questions in a complaint.'") (quoting *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 22 (1983)).

7.    When a plaintiff sues in state court "based on the same nucleus of facts" as a related federal action, "the court may look more skeptically at a

NOTICE OF REMOVAL TO FEDERAL COURT: CIVIL NO. _____

plaintiff's characterization of the law where the plaintiff may be seeking to avoid the federal forum to which a defendant is entitled." *Kahn v. Solomon Bros. Inc.*, 813 F. Supp. 191, 194 (E.D.N.Y. 1993).

## PROCEDURAL REQUIREMENTS

8. <u>Signature</u>.  Pursuant to 28 U.S.C. § 1446(a), this Notice of Removal is signed subject to Rule 11.

9. <u>Venue</u>.  Pursuant to 28 U.S.C. § 1446(a), Defendants file this notice of removal in the United States District Court for the Northern District of California, which is the federal district court embracing the Marin County Superior Court where Busch brought the State Court Action.

10. <u>Removal Is Timely</u>.  Defendants obtained all right, title and interest in the subject copyrighted image effective December 31, 2014.  Dirksen Decl. ¶ 4. Removal is therefore timely.  See 28 U.S.C. § 1446(b)(2)(3) allowing removal "within 30 days after receipt by defendant … of other paper from which it may first be ascertainable the case is one which is or has become removable.

11. <u>Consent</u>.  Defendants join and consent to removal to this Court.  *See* Dirksen Decl.

12. <u>Notice</u>.  Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve on Plaintiffs and file with this Court a Notice to Plaintiffs of Removal to Federal Court, informing Plaintiffs that this matter has been removed to federal court.

13. <u>Intradistrict Assignment</u>.  This case should be reassigned to the San Francisco Division, because filed this claim in Marin County and a substantial part of the alleged events giving rise to the claims arose there.

## CONCLUSION AND PRAYER

WHEREFORE, this action should proceed in the United States District Court for the Norther District of California at San Francisco, as an action properly removed thereto.

DATED:  January 27, 2015

By _____
Thomas A. Dirksen
Attorney for Defendants
Jakov Dulcich and Sons, LLC and
Sunlight International Sales, Inc.

NOTICE OF REMOVAL TO FEDERAL COURT: CIVIL NO. _____

1

## CERTIFICATE OF SERVICE

2

3            I hereby certify under penalty of perjury according to the laws of the

4   United States and of the State of California that on January 27, 2015, I caused the

5   foregoing document to be served on the parties below as follows:

6   Nicholas A. Carlin                    ☐    by CM/ECF
7   Phillips, Erlewine & Given LLP        ☐    by Electronic Mail
    39 Mesa Street, Suite 201             ☐    by Facsimile Transmission
8   San Francisco, CA  94129              ☑    by First Class Mail
9                                         ☐    by Hand Delivery
                                          ☐    by Overnight Delivery
10

11          Dated this 27th day of January, 2015.

12

13                                        By Susan R. Levitt

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

128888.0001/6258186.1            NOTICE OF REMOVAL TO FEDERAL COURT: CIVIL NO. _____

# APPENDIX

# SUMMONS
## (CITACION JUDICIAL)

SUM-100

**NOTICE TO DEFENDANT:** JAKOV DULCICH AND SONS, LLC, a
*(AVISO AL DEMANDADO):* California limited liability
company, SUNLIGHT INTERNATIONAL SALES, INC., a
California corporation, and DOES 1 - 100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**FILED**

OCT 3 0 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:** CYNDRA BUSCH
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):*<br><br>MARIN COUNTY SUPERIOR COURT<br>3501 Civic Center Drive, Room 116<br>San Rafael, CA  94903 | CASE NUMBER: *(Número del Caso):*<br><br>1404125 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Nicholas A. Carlin, SB #112532
Phillips, Erlewine & Given LLP          415-398-0900   415-398-0911
50 California Street, Suite 3240
San Francisco, CA  94111

DATE: **OCT 3 0 2014**           KIM TURNER, Clerk, by _____ J. CHEN _____, Deputy
*(Fecha)*                    *(Secretario)*                       *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Sunlight International Sales, Inc., a California corporation

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Legal
Solutions
⊕ Plus

Page 1 of 1
Code of Civil Procedure §§ 412.20, 465

1   NICHOLAS A. CARLIN (State Bar No. 112532)
2   DAVID M. GIVEN (State Bar No. 142375)
    PHILLIPS, ERLEWINE & GIVEN LLP
3   50 California Street, Suite 3240
    San Francisco, CA  94111
4   Tel: 415-398-0900
    Fax: 415-398-0911
5   Attorneys for Plaintiff CYNDRA BUSCH

**FILED**

OCT 3 0 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

6

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               IN AND FOR THE COUNTY OF MARIN

10                   UNLIMITED JURISDICTION

11

12   CYNDRA BUSCH,                    Case No. Cj ✓ 1 4 0 4 1 2 5

13            Plaintiffs,             **COMPLAINT FOR DAMAGES AND
                                      INJUNCTIVE RELIEF FOR**
14   vs.                             **UNAUTHORIZED USE OF LIKENESS
                                      AND IMAGE, BREACH OF CONTRACT
15   JAKOV DULCICH AND SONS, LLC, a   AND UNFAIR COMPETITION**
     California limited liability company,
16   SUNLIGHT INTERNATIONAL SALES,
     INC., a California corporation, and DOES 1
17   – 100,

18                                                    **BY FAX**
              Defendants.
19

20

21        Plaintiff Cyndra Busch alleges as follows:

22                        **THE PARTIES**

23        1.    Plaintiff is a professional model and actress who lives in Lake County,

24   California.  As a model, she has appeared in major US and international campaigns for Clairol,

25   Nexus, Revlon, L'Oreal, and Suave among many others.  She has also appeared in catalogues

26   for Emporium, I. Magnin & Company, Macy's, Jessica McClintock, Mervyns, Gottschalks, and

27   Robinsons-May.  As an actress, she has appeared in *What Women Want, Men Behaving Badly,*

28

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, Suite 3240
San Francisco, CA  94111
(415) 398-0900

COMPLAINT                           1            CASE NO.

*Just Shoot Me, Spiderman II,* and *Nash Bridges.*  She has also appeared in commercials for Toyota, Suave and US Bank (shown during the Superbowl), among others.

2.      Upon information and belief, defendant Jakov Dulcich and Sons, LLC ("Dulcich") is a limited liability company organized under the laws of the state of California, with its principal place of business in McFarland, California.

3.      Upon information and belief, defendant Sunlight International Sales, Inc. ("Sunlight") is a corporation organized under the laws of the state of California with its principal place of business in McFarland, California.

4.      Dulcich and Sunlight are in the business of growing, marketing and selling grapes. On information and belief, at all times relevant times hereto, Defendants have sold and marketed grapes, and otherwise done business, in Marin County.

5.      The true names or capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 to 100, inclusive, being unknown, plaintiff sues these defendants under fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff will amend the complaint to state such DOE defendants' true names once they are ascertained. Plaintiff is informed and believes, and thereon alleges, that each defendant named in this complaint, and each DOE defendant, is in some manner responsible for the wrongs and damages alleged below, and in so acting was functioning, at all relevant times, as the agent, servant, partner, alter ego and/or employee of the other defendants, and in dong the actions described below, was acting within the course and scope of his or her or its authority as such agent, servant, partner, and/or employee with the permission and consent of the other defendants.  All acts herein alleged were approved of and ratified by each and every other defendant.  Except as otherwise stated, defendants Dulcich, Sunlight, and DOES 1 to 100 will be referred to herein collectively as "Defendants."

## FACTS

6.      At some time not yet known to Plaintiff, Defendants began using Plaintiff's photograph and likeness in connection with the marketing, advertising and sale of Defendants'

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, Suite 3240
San Francisco, CA  94111
(415) 398-0900

---

COMPLAINT

2

CASE NO.

grapes under the trade name "Pretty Lady." All such uses were unauthorized by Plaintiff.

Examples of such uses are attached as Exhibit 1.

7.    Plaintiff first discovered these unauthorized uses in or about September 2014.

8.    Plaintiff is informed and believes that the image of Plaintiff used by Defendants for its Pretty Lady grapes campaign was taken from a photograph of Plaintiff which was made in or about January 1994, when Plaintiff was retained by Ketchum Advertising as a model to pose for one or more photographs for a print advertising campaign.  On information and belief, Ketchum's client was CIBA Plant Protection.  A true and correct copy of the photograph is attached hereto as Exhibit 2 and is incorporated by this reference.  Plaintiff does not yet know how or when Defendants obtained her image.

9.    The terms of usage of the photograph were: "1 yr. regional trade; expires 12/31/94."  Plaintiff expected and intended that her likeness and image would not be used for any other type of usage or past that date without her permission, and had no reason to believe otherwise prior to her discovery of the unauthorized uses in or about September 2014.

10.    Plaintiff is informed and believes that Defendants have effected one or more distinct publications of her image in the two years prior to the filing of this Complaint.

## FIRST CAUSE OF ACTION
### (Common Law Right of Publicity)

11.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

12.    Defendants used a photograph of Plaintiff for Defendants' commercial advantage.

13.    Plaintiff did not consent to such usage.

14.    As a legal result of Defendants' conduct, Plaintiff has suffered actual injury to her profession as an actor and model including, but not limited to, the reasonable value of the use of her image in Defendants' advertising campaigns.  In addition, Plaintiff's work opportunities have been curtailed in that she will be precluded from doing any commercial work

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, Suite 3240
San Francisco, CA  94111
(415) 398-0900

3

COMPLAINT                                    CASE NO.

for companies that compete with or are in a similar field to Defendants as long as her image continues to be used by Defendants in connection with their marketing and advertising campaigns. Plaintiff is entitled to damages including, but not limited to, the reasonable value of the use of her image in Defendants' marketing and advertising campaigns and the loss of business opportunities, in an amount according to proof, but at least the jurisdictional limit of this court.

15.    As a further legal result of Defendants' conduct, Plaintiff has suffered general damages and emotional distress according to proof.

16.    As a further legal result of Defendants' conduct, Defendants have been unjustly enriched. Plaintiff is entitled to recover all such unjust enrichment, including any profits realized by Defendants as a result of such unauthorized uses, in an amount according to proof, but at least the jurisdictional limit of this court.

17.    The aforementioned conduct of Defendants was willful, malicious, fraudulent and oppressive. Defendants' repeated use of Plaintiff's photograph and likeness, despite knowing they did not have the rights, is despicable conduct with a willful and conscious disregard for Plaintiff's rights. Plaintiff is therefore entitled to punitive and exemplary damages in an amount according to proof.

18.    Plaintiff is informed and believes, and on that basis alleges, that Defendants are continuing to engage in the conduct complained of herein and, unless restrained and enjoined, will continue to do so, causing Plaintiff to suffer further irreparable harm. Plaintiff has no adequate remedy at law for Defendants' wrongful conduct, and money damages cannot fully compensate Plaintiff for her injuries and damages. Plaintiff is therefore entitled to preliminary and permanent injunctive relief prohibiting Defendants from continuing to engage in such unlawful practices.

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, Suite 3240
San Francisco, CA 94111
(415) 398-0900

## SECOND CAUSE OF ACTION
### (Right of Publicity; Commercial Misappropriation; Cal. Civ. Code §3344)

19.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

20.    Defendants knowingly used Plaintiff's photograph and likeness in connection with the marketing, advertising and sale of Pretty Lady grapes as described above.

21.    All such uses were without the prior consent of Plaintiff.

22.    By the unauthorized uses set forth above, and by uses on other occasions yet to be determined, Defendants and each of them have violated Plaintiff's rights under California Civil Code §3344.

23.    As a legal result of Defendants' conduct, Plaintiff has suffered actual injury to her profession as an actor and model including, but not limited to, the reasonable value of the use of her image in Defendants' advertising campaigns.  In addition, Plaintiff's work opportunities have been curtailed in that she will be precluded from doing any commercial work for companies that compete with or are in a similar field to Defendants as long as her image continues to be used by Defendants in connection with their marketing and advertising campaigns.  Plaintiff is entitled to damages including, but not limited to, the reasonable value of the use of her image in Defendants' marketing and advertising campaigns and the loss of business opportunities, in an amount according to proof, but at least the jurisdictional limit of this court.

24.    As a further legal result of Defendants' conduct, Plaintiff has suffered general damages and emotional distress according to proof.

25.    Alternatively, Plaintiff is entitled to statutory damages in the amount of $750 per unauthorized use pursuant to California Civil Code §3344(a).

26.    As a further legal result of Defendants' conduct, Defendants have been unjustly enriched.  Plaintiff is entitled to recover all such unjust enrichment, including any profits

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, Suite 3240
San Francisco, CA  94111
(415) 398-0900

5

COMPLAINT                                    CASE NO.

attributable to the unauthorized uses, in an amount according to proof, but at least the jurisdictional limit of this court.

27.     The aforementioned conduct of Defendants was willful, malicious, fraudulent and oppressive.  Defendants' repeated use of Plaintiff's photograph and likeness, despite knowing they did not have the rights, and despite being requested to cease and desist by Plaintiff's representatives, is despicable conduct with a willful and conscious disregard for Plaintiff's rights.  Plaintiff is therefore entitled to punitive and exemplary damages pursuant to California Civil Code §3344(a) in an amount according to proof.

28.     Plaintiff is informed and believes, and on that basis alleges, that Defendants are continuing to engage in the conduct complained of herein and, unless restrained and enjoined, will continue to do so, causing Plaintiff to suffer further irreparable harm.  Plaintiff has no adequate remedy at law for Defendants' wrongful conduct, and money damages cannot fully compensate Plaintiff for her injuries and damages.  Plaintiff is therefore entitled to preliminary and permanent injunctive relief prohibiting Defendants from continuing to engage in such unlawful practices.

29.     As a further legal result of Defendants' conduct, Plaintiff has incurred and will continue to incur attorney's fees and costs in an amount to be determined at the conclusion of this case.  Plaintiff is entitled to recovery of her attorney's fees and costs from Defendants pursuant to California Civil Code §3344(a).

### THIRD CAUSE OF ACTION
**(Violations of Unfair Competition Law,
California Business & Professions Code § 17200)**

30.     Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as though fully set forth herein.

31.     California Business and Professions Code § 17200 prohibits any unlawful, unfair or fraudulent business acts or practices.

32.     The foregoing conduct of Defendants is unlawful in that, *inter alia*, it violates Plaintiff's common law right of publicity and California Civil Code §3344.

6

COMPLAINT                                    CASE NO.

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, Suite 3240
San Francisco, CA   94111
(415) 398-0900

33.     The foregoing conduct is unfair in that Defendants have profited and continue to profit from the use of Plaintiff's image without providing compensation, and further has unfairly deprived Plaintiff of work opportunities in that she will be precluded from doing any commercial work for companies that compete with or are in a similar field to Defendants as long as they continue to use her image in connection with Pretty Lady grapes.

34.     By failing to pay Plaintiff for her services, Defendants are further obtaining an unfair advantage over competitors who do pay their models.

35.     The harm to Plaintiff arising from Defendants' deceptive and unlawful practices outweighs the utility, if any, of those practices.

36.     The conduct described herein is ongoing, continues to this date, and constitutes unlawful and unfair business acts and practices within the meaning of Business & Professions Code § 17200.

37.     Pursuant to California Business and Professions Code § 17203, Plaintiff is therefore entitled to: (a) an Order requiring Defendants to cease the acts of unfair competition alleged herein; (b) an Order enjoining Defendants from continuing to use Plaintiff's photograph and likeness without her permission and consent; (c) full restitution of all monies paid to and retained by Defendants resulting from the unauthorized uses of Plaintiff's images, including, but not limited to, disgorgement of any unjust enrichment pursuant to California Code of Civil Procedure §384; (d) interest at the highest rate allowable by law; and (e) the payment of Plaintiff's attorney's fees and costs under, among other provisions of law, California Code of Civil Procedure §1021.5, or otherwise to the extent permitted by law.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for relief against Defendants and each of them as follows:

1.     For an order preliminarily and permanently enjoining Defendants, and each of them, and their agents, servants and employees, and all persons acting under, in concert with, or for them, from using Plaintiff's photograph, likeness or image in

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, Suite 3240
San Francisco, CA 94111
(415) 398-0900

7

connection with the advertising, marketing or sale of Pretty Lady grapes or for any other purpose, without Plaintiff's express prior written consent;

2.    For statutory damages in the amount of at least $750 per unauthorized use;

3.    For actual damages according to proof, but at least the jurisdictional limit of this court;

4.    For general damages according to proof;

5.    For Defendants' profits resulting from the unauthorized uses according to proof, but at least the jurisdictional limit of this court;

6.    For punitive and exemplary damages according to proof;

7.    For attorney's fees and costs pursuant to California Civil Code §3344(a) and/or California Code of Civil Procedure §1021.5;

8.    For costs of suit herein incurred; and

9.    For such other and further relief as the Court may deem just and proper.

Dated: 10/30, 2014

PHILLIPS, ERLEWINE & GIVEN LLP

By:

Nicholas A. Carlin
Attorneys for Plaintiff
CYNDRA BUSCH

PHILLIPS, ERLEWINE & GIVEN LLP
50 California Street, Suite 3240
San Francisco, CA  94111
(415) 398-0900

EXHIBIT 1

dulcich.com/sunlight-international/

## MEET OUR FAVORITE LADY

When the Pretty Lady made her debut nearly 20 years ago, no one could have predicted how famous she would become—not even us! Consumers of all ages, and from all over the world, have grown to love her and seek her out at their local supermarkets. She has become a recognized symbol of quality, good taste, and good times for families everywhere, reminding them that fresh, crisp grapes make their favorite moments and mealtimes even better.



## MARKETING & PACKAGING INNOVATIONS



At Sunlight International, we're always looking for new ways to dazzle your customers and make the shopping experience more enjoyable.

We were the first grape grower to package our products in the Grab-N-Go bag, which protects the fruit, stands up tall to entice customers with colorful branding and features a convenient handle that encourages impulse purchases. The bag also doubles as a colander, allowing customers to rinse and drain their grapes right in the bag.

We were also first to market with full-color, branded bins that provide an attractive setting for our luscious grapes and help our retailers make better use of their available floor space.







We are giving out these ornaments for free so if you want one let us know and we will send them to you!





EXHIBIT 2



*Vanessa*
*Laguna Hills*
*Tomato Grower*
*Fortune*
*Dinner Party Hostess*
*Organically Grown*
*Hollywood Style*

*Let's face it. Looking beautiful isn't easy. That's why you need the help of Ridomil MZ, Ridomil/Bravo or Ridomil/ Copper. Sprayed preventively they stop disease on contact and even work systemically within the plant for*

CIBA PLANT PROTECTION   Ad # 300014-54931   Ridomil/Veg. Foliar

Spread 4/Color (Jr. Spread in TABS)  133 Line Screen  To start running January 1994 in the following:
• Agribusiness Fieldman  • American Agriculturist  • American Vegetable Grower  • California / Arizona Farm Press
• Citrus & Vegetable  • Florida Grove Management  • Florida Grower & Rancher  • The Grower
⚘  Photo usage:  1 yr. regional trade; expires 12/31/94.  ⚘
Prepared by:  KETCHUM ADVERTISING  San Francisco, California



*Vanessa*

*Let's face it. Looking beautiful isn't easy. That's why you need the help of Ridomil MZ, Ridomil/Bravo or Ridomil/ Copper. Sprayed preventively they stop disease on contact and even work systemically within the plant for*

CIBA PLANT PROTECTION  Ad # 300014-54931  Ridomil/Veg. Foliar

Spread 4/Color (Jr. Spread in TABS)  133 Line Screen  To start running January 1994 in the following:
• Agribusiness Fieldman  • American Agriculturist  • American Vegetable Grower  • California / Arizona Farm Press
• Citrus & Vegetable  • Florida Grove Management  • Florida Grower & Rancher  • The Grower

✂—  Photo usage: 1 yr, regional trade; expires 12/31/94.  —✂

Prepared by:  KETCHUM ADVERTISING  San Francisco, California

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Nicholas A. Carlin, SB #112532<br>Phillips, Erlewine & Given LLP<br>50 California Street, Suite 3240<br>San Francisco, CA  94111 | **RECEIVED**<br><br>OCT 3 0 2014<br><br>MARIN COUNTY<br>SUPERIOR COURT |
| TELEPHONE NO.: 415-398-0900        FAX NO.: 415-398-0911 | |
| ATTORNEY FOR *(Name):* Plaintiff | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **MARIN**
STREET ADDRESS: **3501 Civic Center Drive, Room 116**
MAILING ADDRESS:
CITY AND ZIP CODE: **San Rafael, CA  94903**
BRANCH NAME:

CASE NAME:   BUSCH v. JAKOV DULCICH AND SONS, LLC, etc.,
et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | CASE NUMBER: CIV1404125 |
|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter   [ ] Joiner<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | JUDGE: |
| | | | DEPT.: PAUL M. HAAKENSON |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22)<br>[ ] Uninsured motorist (46) | [ ] Breach of contract/warranty (06)<br>[ ] Rule 3.740 collections (09) | [ ] Antitrust/Trade regulation (03)<br>[ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property<br>Damage/Wrongful Death) Tort** | [ ] Other collections (09)<br>[ ] Insurance coverage (18) | [ ] Mass tort (40)<br>[ ] Securities litigation (28) |
| [ ] Asbestos (04)<br>[ ] Product liability (24) | [ ] Other contract (37)<br>**Real Property** | [ ] Environmental/Toxic tort (30)<br>[ ] Insurance coverage claims arising from the |
| [ ] Medical malpractice (45)<br>[ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | **Enforcement of Judgment** |
| [ ] Business tort/unfair business practice (07)<br>[ ] Civil rights (08) | [ ] Other real property (26)<br>**Unlawful Detainer** | [ ] Enforcement of judgment (20)<br>**Miscellaneous Civil Complaint** |
| [ ] Defamation (13)<br>[ ] Fraud (16) | [ ] Commercial (31)<br>[ ] Residential (32) | [ ] RICO (27)<br>[ ] Other complaint *(not specified above)* (42) |
| [x] Intellectual property (19)<br>[ ] Professional negligence (25) | [ ] Drugs (38)<br>**Judicial Review** | **Miscellaneous Civil Petition**<br>[ ] Partnership and corporate governance (21) |
| [ ] Other non-PI/PD/WD tort (35)<br>**Employment** | [ ] Asset forfeiture (05)<br>[ ] Petition re: arbitration award (11) | [ ] Other petition *(not specified above)* (43) |
| [ ] Wrongful termination (36)<br>[ ] Other employment (15) | [ ] Writ of mandate (02)<br>[ ] Other judicial review (39) | |

**BY FAX**

2. This case [ ] is [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the
   factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel    e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve       in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action *(specify):*  Three

5. This case [ ] is [x] is not   a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: October 30, 2014

Nicholas A. Carlin
*(TYPE OR PRINT NAME)*                          *(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)*

### NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed
  under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.)  Failure to file may result
  in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all
  other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET**   Legal<br>Solutions<br>Plus | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |



**MARIN COUNTY SUPERIOR COURT**
P.O. Box 4988
San Rafael, CA 94913-4988

FILED

OCT 3 0 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Chen, Deputy

PLAINTIFF: *Cyndra Busch*

vs.

DEFENDANT: *Jakov Dulcich & Sons, LLL. et al*

CASE NO. *Civ 1404125*

**NOTICE OF CASE
MANAGEMENT CONFERENCE
(CIVIL)**

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC Civil Rules).

Pursuant to California Rules of Court 3.734, this case is assigned to Judge **PAUL M. HAAKENSON**, Department ____ . This assignment is for all purposes.

MCSC Civil Rule 1.20 and CRC 3.110(b) and 3.221(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Conference Statement form, and an Alternative Dispute Resolution (ADR) information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 3.110(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1. IT IS ORDERED that the parties/counsel to this action shall:

   a. Comply with the filing and service deadlines in MCSC Civil Rules 1.19 and CRC 3.110, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

   Hearing on Failure to File Proof of Service    *1, 12, 15*    8:30 / 9:00 A.M.

   Hearing on Failure to Answer    *2, 11, 15*    8:30 / 9:00 A.M.

   b. Appear for a Case Management Conference on    *3, 25, 15*    8:30 / 9:00 A.M.

2. Telephonic appearance at Case Management Conference (CMC) may be available by contacting COURT CALL, an independent vendor, not less than five (5) court business days before the hearing date.  Parties may make arrangements by calling (888) 882-6878.  This service is subject to charges by the vendor.

3. You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. **Counsel must discuss ADR options with their clients prior to attending the CMC** and should be prepared to discuss with the court their authority to participate in ADR.

4. Case Management Conference Statements must be filed and served on all parties, including the court, at least 15 calendar days before the CMC. (CRC 3.725).  **(A $49.00 sanction will be charged for late filing of a statement.)**

   **Case Management Conference Statement must be filed by** *3, 10, 15*

5. All Law and Motion matters will be heard on the calendar of the assigned Judge.  Tentative Rulings are available online by 2:00 p.m. on the weekday preceding the hearing date at *http://www.marincourt.org/civil_tentative.htm.*  If you need to make other arrangements, please call (415) 444-7170.

*Distribution: Original - Court File; Canary - Plaintiff*

# ADR Packet

**18 pages including this one**

**SUPERIOR COURT OF CALIFORNIA**
**County of Marin**
3501 Civic Center Drive
P.O. Box 4988
San Rafael, CA 94913-4988

<u>NOTICE TO PLAINTIFFS</u>

**CIVIL TRIAL DELAY REDUCTION PROGRAM**
**REQUIRES PROCEDURES AND TIME LINES TO BE MET**

PRE-PRINTED PACKET FEE                    $1.00

You must serve the following documents, which you will receive from the Court Clerk's office, with the complaint, on all other parties:

- A copy of this letter
- A copy of the Notice of Case Management Conference
- Stipulation to Use of Alternative Dispute Resolution Process
- Ex-Parte Application for Extension of Time to Serve Pleading and Orders
- Case Management Statement
- Notice of Stay of Proceedings
- Notice of Termination or Modification of Stay
- Notice of Settlement of Entire Case
- Statement of Agreement or Nonagreement
- ADR Information Sheet

This service must be accomplished and *Proof of Service* must be filed within 60 days of the filing of the complaint.

The Case Management Conference will be held approximately 140 days from the filing of the Complaint. The exact date and judge assignment is indicated on the form you received in the Clerk's office when you filed your complaint.

Failure to comply with the program rules may result in the imposition of sanctions and will in each instance result in the issuance of an order that you show cause why you have not complied.

Examples of Alternative Dispute Resolution (ADR) procedures offered in Marin County include:

- Binding and non-binding arbitration
- Mediation
- Neutral case evaluation

It is important that you review these programs with your client. It will increase the possibility of your client's case being resolved at an early, and less expensive, stage of the proceedings. All judges in the civil trial delay reduction program are supportive of the use of alternative dispute resolution programs and are available to meet with you and the other parties prior to your Case Management Conference to assist in selecting the most appropriate resolution mechanism for your case.

You are required to complete and return the ADR Information Form, ADR-100 or ADR-101, within 10 days of the resolution of the dispute.

Telephonic appearances at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days prior to the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

| ATTORNEY OR PARTY WITHOUT ATTORNEY  *(Name, address and telephone #):* | *FOR COURT USE ONLY* |
|---|---|
| STATE BAR NO:<br>ATTORNEY FOR *(Name):* | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN<br>3501 Civic Center Drive<br>P.O. Box 4988<br>San Rafael, CA  94913-4988 | |
| **STIPULATION TO USE OF<br>ALTERNATIVE DISPUTE RESOLUTION PROCESS** | CASE NUMBER: |

The parties to the above action have stipulated that this case be submitted for Alternative Dispute Resolution to be decided at the Case Management Conference.


Dated _____       Attorney For _____

_____


Dated _____       Attorney For _____

_____

CM-020

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:      FAX NO. *(Optional)*: <br> E-MAIL ADDRESS *(Optional)*: <br> ATTORNEY FOR *(Name)*: | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| **EX PARTE APPLICATION FOR EXTENSION OF TIME TO SERVE PLEADING AND ☐ ORDER EXTENDING TIME TO SERVE AND ☐ ORDER CONTINUING CASE MANAGEMENT CONFERENCE** | CASE NUMBER: |
|---|---|
| **Note: This ex parte application will be considered without a personal appearance. (See Cal. Rules of Court, rule 3.1207(2).)** | HEARING DATE: <br> DEPT.:      TIME: |

1. Applicant *(name)*:
     is
     a. ☐ plaintiff
     b. ☐ cross-complainant
     c. ☐ petitioner
     d. ☐ defendant
     e. ☐ cross-defendant
     f. ☐ respondent
     g. ☐ other *(describe)*:

2. The complaint or other initial pleading in this action was filed on *(date)*:

3. Applicant requests that the court grant an order extending time for service of the following pleading:
     a. ☐ Complaint
     b. ☐ Cross-complaint
     c. ☐ Petition
     d. ☐ Answer or other responsive pleading
     e. ☐ Other *(describe)*:

4. Service and filing of the pleading listed in item 3 is presently required to be completed by *(date)*:

5. Previous applications, orders, or stipulations for an extension of time to serve and file in this action are:
     a. ☐ None
     b. ☐ The following *(describe all, including the length of any previous extensions)*:

6. Applicant requests an extension of time to serve and file the pleading listed in item 3 on the following parties *(name each)*:

**EX PARTE APPLICATION FOR EXTENSION OF TIME <br> TO SERVE PLEADING AND ORDERS**

CM-020

| CASE NAME. | CASE NUMBER: |
|---|---|
|  |  |

7  The pleading has not yet been filed and served on the parties listed in item 6 for the following reasons *(describe the efforts that have been made to serve the pleading and why service has not been completed)*:

☐ Continued on Attachment 7

8.  An extension of time to serve and file the pleading should be granted for the following reasons:

☐ Continued on Attachment 8.

9.  If an extension of time is granted, filing and service on the parties listed in item 6 will be completed by *(date):*

10.  Notice of this application under rules 3.1200–3.1207 ☐ has been provided as required *(describe all parties or counsel to whom notice was given; the date, time, and manner of giving notice; what the parties or counsel were told and their responses; and whether opposition is expected)* or ☐ is not required *(state reasons):*

☐ Continued on Attachment 10.

11  Number of pages attached: ____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

▷

_____
(TYPE OR PRINT NAME OF APPLICANT OR ATTORNEY FOR APPLICANT)

_____
(SIGNATURE OF APPLICANT OR ATTORNEY FOR APPLICANT)

Order on Application is ☐ below ☐ on a separate document.

## ORDER

1.  The application for an order extending time to serve and file the pleading is ☐ granted ☐ denied.
2.  The pleading must be served and filed no later than *(date):*
3.  ☐ The case management conference is rescheduled to:
   a.  Date:
   b.  Time:
   c.  Place:
4.  Other orders:

5.  A copy of this application and order must be served on all parties or their counsel that have appeared in the case.

Date:

_____
JUDICIAL OFFICER

CM-020 [Rev. January 1, 2008]

**EX PARTE APPLICATION FOR EXTENSION OF TIME
TO SERVE PLEADING AND ORDERS**

Page 2 of 2

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:                    FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
STREET ADDRESS:
MAILING ADDRESS:
CITY AND ZIP CODE:
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| **(Check one):** ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                    Time:                    Dept.:          Div:          Room:

Address of court *(if different from the address above):*

☐ Notice of Intent to Appear by Telephone, by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☐ This statement is submitted by party *(name):*
   b. ☐ This statement is submitted jointly by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
      (3) ☐ have had a default entered against them *(specify names):*
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☐ complaint ☐ cross-complaint *(Describe, including causes of action):*

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7 **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☐ days *(specify number):*
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☐ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. ADR information package. Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through this court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221

b. Referral to judicial arbitration or civil action mediation *(if available).*
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11

(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (*check all that apply and provide the specified information*):

| | The party or parties completing this form are willing to participate in the following ADR processes (*check all that apply*): | If the party or parties completing this form in the case have agreed to participate in or have already completed an ADR process or processes, indicate the status of the processes (*attach a copy of the parties' ADR stipulation*): |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (*date*):<br>☐ Agreed to complete mediation by (*date*):<br>☐ Mediation completed on (*date*): |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (*date*):<br>☐ Agreed to complete settlement conference by (*date*):<br>☐ Settlement conference completed on (*date*): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (*date*):<br>☐ Agreed to complete neutral evaluation by (*date*).<br>☐ Neutral evaluation completed on (*date*): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (*date*):<br>☐ Agreed to complete judicial arbitration by (*date*):<br>☐ Judicial arbitration completed on (*date*): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (*date*):<br>☐ Agreed to complete private arbitration by (*date*):<br>☐ Private arbitration completed on (*date*): |
| (6) Other (*specify*): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (*date*).<br>☐ Agreed to complete ADR session by (*date*):<br>☐ ADR completed on (*date*): |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

**11. Insurance**
a. ☐ Insurance carrier, if any  for party filing this statement *(name):*
b. Reservation of rights: ☐ Yes ☐ No
c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
b. ☐ A motion to ☐ consolidate ☐ coordinate    will be filed by *(name party):*

**14. Bifurcation**
☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party  type of motion, and reasons):*

**15. Other motions**
☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
a. ☐ The party or parties have completed all discovery.
b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

<div style="border:1px solid">

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

</div>

17. **Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. **Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____      ► _____

       (TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY)

_____      ► _____

       (TYPE OR PRINT NAME)                             (SIGNATURE OF PARTY OR ATTORNEY)

                                           ☐ Additional signatures are attached.

CM-180

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:            FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF<br>  STREET ADDRESS:<br>  MAILING ADDRESS:<br>  CITY AND ZIP CODE:<br>  BRANCH NAME: | |

| PLAINTIFF/PETITIONER:<br><br>DEFENDANT/RESPONDENT | |
|---|---|
| **NOTICE OF STAY OF PROCEEDINGS** | CASE NUMBER:<br><br>JUDGE:<br><br>DEPT: |

**To the court and to all parties:**

1   Declarant *(name):*

   a.  ☐  is  ☐  the party  ☐  the attorney for the party  who requested or caused the stay

   b.  ☐  is  ☐  the plaintiff or petitioner  ☐  the attorney for the plaintiff or petitioner  The party who requested the stay
       has not appeared in this case or is not subject to the jurisdiction of this court.

2.  This case is stayed as follows:

   a.  ☐  With regard to all parties.

   b.  ☐  With regard to the following parties *(specify by name and party designation):*

3.  Reason for the stay:

   a.  ☐  Automatic stay caused by a filing in another court. *(Attach a copy of the Notice of Commencement of Case, the
       bankruptcy petition, or other document showing that the stay is in effect, and showing the court, case number
       debtor, and petitioners.)*

   b.  ☐  Order of a federal court or of a higher California court. *(Attach a copy of the court order.)*

   c.  ☐  Contractual arbitration under Code of Civil Procedure section 1281.4. *(Attach a copy of the order directing
       arbitration.)*

   d.  ☐  Arbitration of attorney fees and costs under Business and Professions Code section 6201 *(Attach a copy of the
       client's request for arbitration showing filing and service.)*

   e.  ☐  Other:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____      ▶  _____
     (TYPE OR PRINT NAME OF DECLARANT)                   (SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-180 [Rev. January 1, 2007]
**NOTICE OF STAY OF PROCEEDINGS**
Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

CM-181

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:   FAX NO. (Optional): | |
| E-MAIL ADDRESS (Optional): | |
| ATTORNEY FOR (Name): | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF
   STREET ADDRESS:
   MAILING ADDRESS:
   CITY AND ZIP CODE:
   BRANCH NAME:

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | DEPT.: |
| **NOTICE OF TERMINATION OR MODIFICATION OF STAY** | JUDICIAL OFFICER: |

**To the court and all parties:**

1.  A *Notice of Stay of Proceedings* was filed in this matter on *(date)*:

2.  Declarant named below is
   a. ☐ the party ☐ the attorney for the party who requested or caused the stay.
   b. ☐ other *(describe)*:

3.  ☐ The stay described in the above referenced *Notice of Stay of Proceedings*
   a. ☐ has been vacated by an order of another court. *(Attach a copy of the court order.)*
   b. ☐ is no longer in effect.

4.  ☐ The stay has been modified *(describe)*:

5.  The stay has been vacated, is no longer in effect, or has been modified
   a. ☐ with regard to all parties.
   b. ☐ with regard to the following parties *(specify by name and party designation)*:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

_____
(SIGNATURE OF DECLARANT)

Form Adopted for Mandatory Use
Judicial Council of California
CM-181 [Rev. January 1, 2007]

**NOTICE OF TERMINATION OR MODIFICATION OF STAY**

Page 1 of 2.
Cal. Rules of Court, rule 3.650
www.courtinfo.ca.gov

CM-181

| PLAINTIFF: | CASE NUMBER: |
|---|---|
| DEFENDANT | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF TERMINATION OR MODIFICATION OF STAY

*(NOTE: You cannot serve the Notice of Termination or Modification of Stay if you are a party in the action. The person who served the notice must complete this proof of service.)*

1. I am at least 18 years old and not a party to this action. I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

2. I served a copy of the *Notice of Termination or Modification of Stay* by enclosing it in a sealed envelope with postage fully prepaid and *(check one)*:
   a. ☐ deposited the sealed envelope with the United States Postal Service.
   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Termination or Modification of Stay* was mailed:
   a. on *(date)*:
   b. from *(city and state)*:

4. The envelope was addressed and mailed as follows:
   a. Name of person served:

      Street address:
      City:
      State and zip code:

   b. Name of person served:

      Street address:
      City:
      State and zip code:

   c. Name of person served:

      Street address:
      City:
      State and zip code:

   d. Name of person served:

      Street address:
      City:
      State and zip code:

☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____
(TYPE OR PRINT NAME OF DECLARANT)

▶

_____
(SIGNATURE OF DECLARANT)

CM-200

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:  
E-MAIL ADDRESS *(Optional)*:  FAX NO. *(Optional)*:  
ATTORNEY FOR *(Name)*:

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  
STREET ADDRESS:  
MAILING ADDRESS:  
CITY AND ZIP CODE:  
BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT

| NOTICE OF SETTLEMENT OF ENTIRE CASE | CASE NUMBER: |
|---|---|
| | JUDGE: |
| | DEPT: |

### NOTICE TO PLAINTIFF OR OTHER PARTY SEEKING RELIEF

You must file a request for dismissal of the entire case within 45 days after the date of the settlement if the settlement is unconditional. You must file a dismissal of the entire case within 45 days after the date specified in item 1b below if the settlement is conditional. Unless you file a dismissal within the required time or have shown good cause before the time for dismissal has expired why the case should not be dismissed, the court will dismiss the entire case.

To the court, all parties, and any arbitrator or other court-connected ADR neutral involved in this case:

1. This entire case has been settled. The settlement is:
   a. ☐ **Unconditional.** A request for dismissal will be filed within 45 days after the date of the settlement.  
   Date of settlement:
   b. ☐ **Conditional.** The settlement agreement conditions dismissal of this matter on the satisfactory completion of specified terms that are not to be performed within 45 days of the date of the settlement. A request for dismissal will be filed no later than *(date)*:

2. Date initial pleading filed:

3. Next scheduled hearing or conference:
   a. Purpose:
   b. ☐ (1) Date:
        (2) Time:
        (3) Department:

4. Trial date:
   a. ☐ No trial data set.
   b. ☐ (1) Date:
        (2) Time:
        (3) Department:

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____  
(TYPE OR PRINT NAME OF ☐ ATTORNEY ☐ PARTY WITHOUT ATTORNEY)

_____  
(SIGNATURE)

Form Adopted for Mandatory Use
Judicial Council of California
CM-200 [Rev. January 1, 2007]      NOTICE OF SETTLEMENT OF ENTIRE CASE      Page 1 of 2
Cal. Rules of Court, rule 3.1385
www.courtinfo.ca.gov

CM-200

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT | |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
## NOTICE OF SETTLEMENT OF ENTIRE CASE

*(NOTE: You cannot serve the Notice of Settlement of Entire Case if you are a party in the action.  The person who served the notice must complete this proof of service.)*

1.  I am at least 18 years old and not a party to this action.  I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

2.  I served a copy of the *Notice of Settlement of Entire Case* by enclosing it in a sealed envelope with postage fully prepaid and *(check one):*
    a. ☐ deposited the sealed envelope with the United States Postal Service.
    b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar  On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3.  The *Notice of Settlement of Entire Case* was mailed:
    a.  on *(date):*
    b.  from *(city and state):*

4.  The envelope was addressed and mailed as follows:
    a.  Name of person served:

        Street address:
        City:
        State and zip code:

    b.  Name of person served:

        Street address:
        City:
        State and zip code:

    c.  Name of person served:

        Street address:
        City:
        State and zip code:

    d.  Name of person served:

        Street address:
        City:
        State and zip code:

    ☐ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

5.  Number of pages attached _____

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____              _____
(TYPE OR PRINT NAME OF DECLARANT)                (SIGNATURE OF DECLARANT)

ADR-100

| MEDIATOR *(Name and Address)*: | FOR COURT USE ONLY |
|---|---|

TELEPHONE NO.:    FAX NO.:

E-MAIL ADDRESS:

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

CASE NAME:

| STATEMENT OF AGREEMENT OR NONAGREEMENT | CASE NUMBER: |
|---|---|
| ☐ First  ☐ Supplemental | |

The mediator must complete, serve, and file this form.
- within 10 days after conclusion of the mediation, or by an another date set by the court, in all cases assigned to mediation under the Civil Action Mediation Program. (Code Civ. Proc., § 1775 et seq.)
- as required by the court in other mediation programs.

In completing this form, the mediator must not
- provide any information beyond what is specifically requested, or
- disclose any settlement terms, confidential communications, mediation conduct, or mediator conclusions or impressions. (Evid. Code, § 1115 et seq.)

1. I was appointed, assigned, or retained as the mediator in this case on *(date)*:

2. The mediation *(check one)*

 a. ☐ was not scheduled.

 b. ☐ was scheduled but not held.

 c. ☐ was held as follows:

  (1) Session dates *(specify all)*:

  (2) Number of sessions:

  (3) Total length of sessions *(hours)*:

3. ☐ The mediation ended on *(date)*:

 a. ☐ in a full agreement.

 b. ☐ in a partial agreement.

 c. ☐ in nonagreement.

4. ☐ The mediation has not yet ended. I submit this form to comply with the court's requirement to do so by a specified date. *(Complete the items below. In Civil Action Mediation Programs and where otherwise required by the court, file a supplemental Statement of Agreement or Nonagreement within 10 days after the mediation ends or by such other date as the court may set.)*

 a. The mediator anticipates that the mediation will be completed by *(date)*:

  NOTICE TO PARTIES: This form does not extend any mediation completion deadline that the court has set. You must request any necessary extension from the court.

 b. The next mediation session is scheduled for *(date)*:

Date:

_____  ▶ _____
(TYPE OR PRINT NAME)       (SIGNATURE OF MEDIATOR)

Form Adopted for Mandatory Use
Judicial Council of California
ADR-100 [Rev. July 1, 2012]

**STATEMENT OF AGREEMENT OR NONAGREEMENT**

Page 1 of 2

Code of Civil Procedure, § 1775.9
Cal. Rules of Court, rule 3.895
www.courts.ca.gov

## PROOF OF SERVICE OF STATEMENT OF AGREEMENT OR NONAGREEMENT

1. At the time of service, I was over 18 years of age and not a party to this action.

2. My residence or business address is:

3. ☐ The fax number or electronic service address from which I served the document is *(complete if service was by fax or electronic service)*:

4. I served the *Statement of Agreement or Nonagreement* (form ADR-100) on the person or persons below, as follows:

| a. Name of person served | b. Manner of service (specify personal, mail, fax, or electronic) | c. Physical or mailing address, fax number, or electronic service address where person was served | d. Date of service | e. Time of service |
|---|---|---|---|---|
| | | | | |
| | | | | |
| | | | | |
| | | | | |

5. The form ADR-100 was served by the following means *(check and complete all that apply)*:

a. ☐ Where personal service is indicated in item 4.b., I personally delivered the form ADR-100 to the persons for whom personal service is indicated, at the addresses listed in item 4.c. (1) For a party represented by an attorney, delivery was made to the attorney or at the attorney's office by leaving the document in an envelope or package clearly labeled to identify the attorney being served with a receptionist or an individual in charge of the office, or in a visible location in the office between the hours of 9 a.m. and 5 p.m. (2) For a party, delivery was made to the party or by leaving the document at the party's residence with some person not younger than 18 years of age between the hours of 8 a.m. and 6 p.m.

b. ☐ Where service by mail is indicated in item 4.b., I enclosed the form ADR-100 in a sealed envelope or package addressed to the persons at the addresses in item 4.c. and *(specify one)*:

   (1) ☐ deposited the sealed envelope with the United States Postal Service, with the postage fully prepaid.

   (2) ☐ placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

   I am a resident of or employed in the county where the mailing occurred. The envelope or package was placed in the mail at *(city and state)*:

c. ☐ Where fax transmission is indicated in item 4.b., based on an agreement of the parties to accept service by fax transmission, I faxed the form ADR-100 to the persons at the fax numbers listed in item 4.c. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed, is attached.

d. ☐ Where electronic service is indicated in item 4.b., I caused the form ADR-100 to be served on the persons at the electronic service addresses listed in item 4.c., in accordance with a court order or an agreement of the parties allowing electronic service.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:

_____

           (TYPE OR PRINT NAME)

                         ▶

                                              (SIGNATURE OF DECLARANT)

NAME OF COURT: _____

## *ADR Information Form*

> *This form should be filled out and returned,*
> *within 10 days of the resolution of the dispute, to:*  ▶

1. Case name: _____  No. _____

2. Type of civil case: ☐ PI/PD-Auto   ☐ PI/PD-Other   ☐ Contract   ☐ Other *(specify)*: _____

3. Date complaint filed _____   Date case resolved _____

4. Date of ADR conference _____   **5.** Number of parties _____

6. Amount in controversy   ☐ $0–$25,000   ☐ $25,000–$50,000   ☐ $50,000–$100,000   ☐ over $100,000 *(specify)*: _____

7. ☐ Plaintiff's Attorney ·   ☐ Cross Complainant's Attorney   **8.** ☐ Defendant's Attorney   ☐ Cross Defendant's Attorney

| | |
|---|---|
| NAME | NAME |
| ADDRESS | ADDRESS |
| ( ) | ( ) |
| TELEPHONE NUMBER | TELEPHONE NUMBER |

9. Please indicate your relationship to the case:

   ☐ Plaintiff   ☐ Plaintiff's attorney            ☐ Defendant   ☐ Defendant's attorney
   ☐ 3rd party defendant   ☐ 3rd party defendant's attorney   ☐ Other *(specify)*: _____

10. Dispute resolution process:

    ☐ Mediation   ☐ Arbitration   ☐ Neutral case evaluation   ☐ Other *(specify)*: _____

11. How was case resolved?
    a. ☐ As a direct result of the ADR process.
    b. ☐ As an indirect result of the ADR process.   c. ☐ Resolution was unrelated to ADR process.

12. Check the closest dollar amount that you estimate you saved (attorneys fees, expert witness fees, and other costs) by using this dispute resolution process compared to resolving this case through litigation, whether by settlement or trial.
    ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify)*: $ _____

13. If the dispute resolution process caused a net increase in your costs in this case, check the closest dollar amount of the *additional* cost:
    ☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ more than $1,000 *(specify)*: $ _____

14. Check the closest number of court days that you estimate the court saved (motions, hearings, conferences, trial, etc.) as a result of this case being referred to this dispute resolution process:
    ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify)*: _____

15. If the dispute resolution process caused a net increase in court time for this case, check the closest number of *additional* court days:
    ☐ 0   ☐ 1 day   ☐ more than 1 day *(specify)*: _____

16. Would you be willing to consider using this dispute resolution process again?   ☐ Yes   ☐ No

1  THOMAS A. DIRKSEN (State Bar No. 178161)
2  4607 Lakeview Canyon Road, Suite 117
   Westlake Village, CA  91361-4028
3  (trademarks@dirksenlaw.com)
   Telephone: (805) 370-9100
   Facsimile: (805) 435-1795

FILED

DEC 1 2 2014

KIM TURNER, Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By E Chens, Deputy

4  Attorney for Defendants Jakov Dulcich and Sons, LLC
5  and Sunlight International Sales, Inc.

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       COUNTY OF MARIN

10 CYNDRA BUSCH,                        )  Case No. CIV 1404125
                                        )
11                       Plaintiff,     )  ANSWER OF DEFENDANTS JAKOV
                                        )  DULCICH AND SONS, LLC, AND
12        v.                            )  SUNLIGHT INTERNATIONAL SALES,
                                        )  INC.
13 JAKOV DULCICH AND SONS, LLC, a       )
   California limited liability company, SUNLIGHT)
14 INTERNATIONAL SALES, INC., a California)
   corporation, and DOES 1-100,         )
15                                      )
                         Defendants.    )
16                                      )

17      Defendants Jakov Dulcich and Sons, LLC and Sunlight International Sales, Inc.

18 (collectively the "Dulcich defendants"), answer Plaintiff Cyndra Busch's Complaint as follows:

19                        **THE PARTIES**

20

21      1.     Answering ¶ 1 of the complaint, the Dulcich defendants lack knowledge or

22 information sufficient to admit or deny the allegations regarding plaintiff and therefore deny the

23 same.

24

25      2.     Answering ¶ 2 of the complaint, the Dulcich defendants admit the allegations

26 therein.

27      3.     Answering ¶ 3 of the complaint, the Dulcich defendants admit the allegations

28

999999.0040/6229466.1                        1
DULCICH DEFENDANTS' ANSWER

therein.

4.      Answering ¶ 4 of the complaint, the Dulcich defendants admit that they grow, market and sell grapes and that such grapes have been sold in Marin County.  The Dulcich defendants lack knowledge or information sufficient to admit or deny the allegation regarding the meaning of "at all times relevant times [sic] hereto," and therefore deny the same.

5.      Answering ¶ 5 of the complaint, the Dulcich defendants lack knowledge or information sufficient to admit or deny the allegations regarding defendants DOES 1 to 100 and therefore deny the same.

## FACTS

6.      Answering ¶ 6 of the complaint, the Dulcich defendants admit that they own a U.S. Trademark Reg. No. 2,126,275, for PRETTY LADY trademark, and that stylized images of the face of a "pretty lady" have been used in various forms in connection with the marketing of the Dulcich defendants' products.  The Dulcich defendants lack knowledge or information sufficient to admit or deny the remaining allegations set forth in ¶ 6 of the complaint, and therefore deny the same.

7.      Answering ¶ 7 of the complaint, the Dulcich defendants lack knowledge or information sufficient to admit or deny the allegations therein, and therefore deny the same.

8.      Answering ¶ 8 of the complaint, the Dulcich defendants lack knowledge or information sufficient to admit or deny the allegations therein, and therefore deny the same.

9.      Answering ¶ 9 of the complaint, the Dulcich defendants lack knowledge or information sufficient to admit or deny the allegations therein, and therefore deny the same.

10.     Answering ¶ 10 of the complaint, the Dulcich defendants deny the allegations

therein.

## FIRST CAUSE OF ACTION
### (Common Law Right of Publicity)

11.   Answering ¶ 11 of the complaint, the Dulcich defendants incorporate by reference their prior admissions and denials set forth in paragraphs 1 through 10 above.

12.   Answering ¶ 12 of the complaint, the Dulcich defendants deny the allegations.

13.   Answering ¶ 13 of the complaint, the Dulcich defendants deny the allegations.

14.   Answering ¶ 14 of the complaint, the Dulcich defendants deny the allegations.

15.   Answering ¶ 15 of the complaint, the Dulcich defendants deny the allegations.

16.   Answering ¶ 16 of the complaint, the Dulcich defendants deny the allegations.

17.   Answering ¶ 17 of the complaint, the Dulcich defendants deny the allegations.

18.   Answering ¶ 18 of the complaint, the Dulcich defendants deny the allegations.

## SECOND CAUSE OF ACTION
### (Right of Publicity; Commercial Misappropriation; Cal. Civ. Code §3344 )

19.   Answering ¶ 19 of the complaint, the Dulcich defendants incorporate by reference their prior admissions and denials set forth in paragraphs 1 through 18 above.

20.   Answering ¶ 20 of the complaint, the Dulcich defendants deny the allegations.

21.   Answering ¶ 21 of the complaint, the Dulcich defendants deny the allegations.

22.   Answering ¶ 22 of the complaint, the Dulcich defendants deny the allegations.

23.   Answering ¶ 23 of the complaint, the Dulcich defendants deny the allegations.

24.   Answering ¶ 24 of the complaint, the Dulcich defendants deny the allegations.

25.   Answering ¶ 25 of the complaint, the Dulcich defendants deny the allegations.

26.     Answering ¶ 26 of the complaint, the Dulcich defendants deny the allegations.

27.     Answering ¶ 27 of the complaint, the Dulcich defendants deny the allegations.

28.     Answering ¶ 28 of the complaint, the Dulcich defendants deny the allegations.

29.     Answering ¶ 29 of the complaint, the Dulcich defendants deny the allegations.

**THIRD CAUSE OF ACTION**
**(Violations of Unfair Competition Law, California Business & Professions Code § 17200)**

30.     Answering ¶ 30 of the complaint, the Dulcich defendants incorporate by reference their prior admissions and denials set forth in paragraphs 1 through 29 above.

31.     Answering ¶ 31 of the complaint, the allegation is simply a reference to a provision of California's Business and Professions Code and therefore requires no response.

32.     Answering ¶ 32 of the complaint, the Dulcich defendants deny the allegations.

33.     Answering ¶ 33 of the complaint, the Dulcich defendants deny the allegations.

34.     Answering ¶ 34 of the complaint, the Dulcich defendants deny the allegations.

35.     Answering ¶ 35 of the complaint, the Dulcich defendants deny the allegations.

36.     Answering ¶ 36 of the complaint, the Dulcich defendants deny the allegations.

37.     Answering ¶ 37 of the complaint, the Dulcich defendants deny the allegations.

**AFFIRMATIVE DEFENSES**

1       Plaintiff's complaint fails, in whole or in part, to state a claim upon which relief may be granted.

2.      Plaintiff's claims are barred, in whole or in part, by applicable statutes of limitations.

3.      Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of

1    laches, waiver and estoppel.

2       5.      Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright

3    preemption.

4       6.      Plaintiff has failed to take reasonable actions to mitigate or avoid damage and

5

6    injury.

7       7.      The fair use and transformative use doctrines protect the Dulcich defendants'

8    actions and bar plaintiff's claims in whole or in part.

9       8.      The free speech rights set forth in the United States and California Constitutions

10   protect Dulcich defendants' actions and bar plaintiff's claims in whole or in part.

11      9.      The Dulcich defendants reserve all affirmative defenses and any other defenses, at

12   law or in equity, that may be available now or that may become available in the future based upon

13

14   any discovery or further investigation.

15                               **RELIEF REQUESTED**

16      WHEREFORE, the Dulcich defendants respectfully request that the Court grant judgment

17   in their favor and grant the following relief:

18      A.      Dismiss plaintiff's complaint with prejudice;

19      B.      Award the Dulcich defendants their reasonable costs and attorneys' fees as may be

20   allowed by applicable law; and

21

22      C.      Award the Dulcich defendants such other and further relief as the Court deems just

23   and proper.

24      DATED: December 11, 2014

25

26                                                 Thomas A. Dirksen (State Bar No. 178161)
                                                   Attorney for Defendants Jakov Dulcich and Sons,
27                                                 LLC and Sunlight International Sales, Inc.

28

PROOF OF SERVICE
1013A (3) CCP Revised 1/1/88

I, _____, declare as follows:

I am a citizen of the United States and employed in [Insert County] County, Washington. I am over the age of eighteen years and not a party to the within action. My business address is:_____.

I am familiar with _____ practice whereby each document is placed in an envelope, sealed, postage is placed thereon, and the sealed envelope is placed in the office mail receptacle. The mail is collected and deposited in a United States Postal mailbox at or before the close of business each day.

On December ___, 2014, I served the following document(s):

ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR UNAUTHORIZED USE OF LIKENESS AND IMAGE, BREACH OF CONTRACT AND UNFAIR COMPETITION

on the parties in this action by placing ☐ the original and/or ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

☐ **(BY REGULAR MAIL)** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the designated area for outgoing mail at Seattle, Washington, addressed as set forth below:

Nicholas A. Carlin
David M. Given
Phillips, Erlewine & Given LLP
50 California Street, Suite 3240
San Francisco, CA  94111

☐ **(BY FACSIMILE)** By transmitting. pursuant to C.R.C. Rule 2008, a true copy thereof via facsimile transmission to the facsimile telephone number referenced at the address set forth above. The transmission was reported as complete and without error and a copy of the transmission report, which was properly issued by the transmitting facsimile machine, is attached hereto.

☐ **(BY PERSONAL SERVICE)** By having a messenger personally deliver a true copy thereof to the person(s) and/or office of the person(s) at the address set forth below:

Nicholas A. Carlin
David M. Given
Phillips, Erlewine & Given LLP
50 California Street, Suite 3240
San Francisco, CA  94111

999999.0040/6229466.1
DULCICH DEFENDANTS' ANSWER

1   ☐   **(BY OVERNIGHT EXPRESS DELIVERY)**: I complied with Code of Civil Procedure §
       1013(c), by delivering a true copy thereof to: ☐ U.S. Postal Express Mail; ☐ UPS Overnight
2     Mail; ☐ Federal Express Overnight Service to be delivered to the person(s) set forth below:

3

4    ☑    (STATE)       I declare under penalty of perjury under the laws of the State of California
       that the above is true and correct to the best of my knowledge.

5
   ☐    (FEDERAL)     I declare that I am employed in the office of a member of the bar of this
6                  court at whose direction the service was made.

7   Executed on December ____, 2014.

8

9                                         _____

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
1013A (3) CCP Revised 1/1/88

I, *Casey Plemons*, declare as follows:

    I am a citizen of the United States and employed in [Insert County] County, Washington. I am over the age of eighteen years and not a party to the within action. My business address is: *651 Mission St # 500 San Francisco, CA 94105*

    I am familiar with _____ practice whereby each document is placed in an envelope, sealed, postage is placed thereon, and the sealed envelope is placed in the office mail receptacle. The mail is collected and deposited in a United States Postal mailbox at or before the close of business each day.

    On December *12*, 2014, I served the following document(s):

ANSWER TO COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR UNAUTHORIZED USE OF LIKENESS AND IMAGE, BREACH OF CONTRACT AND UNFAIR COMPETITION

on the parties in this action by placing ☐ the original and/or ☐ a true copy thereof enclosed in a sealed envelope addressed as follows:

☐   **(BY REGULAR MAIL)** By placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the designated area for outgoing mail at Seattle, Washington, addressed as set forth below:

Nicholas A. Carlin
David M. Given
Phillips, Erlewine & Given LLP
50 California Street, Suite 3240
San Francisco, CA  94111

☐   **(BY FACSIMILE)** By transmitting. pursuant to C.R.C. Rule 2008, a true copy thereof via facsimile transmission to the facsimile telephone number referenced at the address set forth above. The transmission was reported as complete and without error and a copy of the transmission report, which was properly issued by the transmitting facsimile machine, is attached hereto.

☒   **(BY PERSONAL SERVICE)** By having a messenger personally deliver a true copy thereof to the person(s) and/or office of the person(s) at the address set forth below:

Nicholas A. Carlin
David M. Given
Phillips, Erlewine & Given LLP
50 California Street, Suite 3240
San Francisco, CA  94111

1     ☐   **(BY OVERNIGHT EXPRESS DELIVERY)**: I complied with Code of Civil Procedure §
             1013(c), by delivering a true copy thereof to: ☐ U.S. Postal Express Mail; ☐ UPS Overnight
2         Mail; ☐ Federal Express Overnight Service to be delivered to the person(s) set forth below:

3

4     ☑   (STATE)          I declare under penalty of perjury under the laws of the State of California
                                  that the above is true and correct to the best of my knowledge.
5
    ☐   (FEDERAL)     I declare that I am employed in the office of a member of the bar of this
6                                   court at whose direction the service was made.

7   Executed on December 22, 2014.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DULCICH DEFENDANTS' ANSWER