UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| CYNDRA BUSCH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JAKOV DULCICH AND SONS LLC, et al.,<br><br>　　　　Defendants. | Case No. 15-CV-00384-LHK<br><br>**ORDER GRANTING MOTION TO REMAND** |

Before the Court is Plaintiff Cyndra Busch's ("Plaintiff") motion to remand. ("Mot."), ECF No. 6. Defendant Jakov Dulcich and Sons, LLC and Defendant Sunlight International Sales, Inc. (collectively, "Defendants") filed an opposition on February 20, 2015. ("Opp."), ECF No. 16. Plaintiff filed a reply on February 27, 2015. ("Reply"), ECF No. 18. The Court finds this motion suitable for decision without oral argument pursuant to Civil Local Rule 7−1(b) and hereby VACATES the motion hearing and the case management conference set for June 18, 2015, at 1:30 p.m. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court GRANTS Plaintiff's motion to remand.

## I. BACKGROUND

### A. Factual Background

Plaintiff is a professional model and actress who lives in Lake County, California. Compl. ¶ 1, ECF No. 1, at App'x. She has appeared as a model in a number of catalogues, films, and international advertising campaigns. *Id.* Defendant Jakov Dulcich & Sons, LLC is a California limited liability company and has its principal place of business in McFarland, California. *Id.* ¶ 2. Defendant Sunlight International Sales, Inc. is a California corporation and has its principal place of business in McFarland, California. *Id.* ¶ 3. Defendants have been growing and selling table grapes using the Pretty Lady name since the late 1980s and the PRETTY LADY® brand since December 30, 1997. Opp. at 8; ("Dirksen Decl. No. 1"), ECF No. 1-2 ¶ 3.

In October 1993, Ketchum Advertising hired Holly Stewart Photography as an independent contractor to take a photographic image (hereinafter, the "subject image") for use in a CIBA Plant Protection print advertising campaign. ("Dirksen Decl. No. 2"), ECF No. 16-2 ¶ 2; Compl. ¶ 8. In or about January 1994, Ketchum Advertising retained Plaintiff as a model to pose for the subject image. Compl. ¶ 8. According to Defendants, Ketchum Advertising paid Plaintiff her modeling fee directly, and neither Plaintiff nor her modeling agency entered into a contractual agreement with Holly Stewart Photography. Dirksen Decl. No. 2 ¶ 5. Defendants contend that Holly Stewart Photography retained full copyright interest of the subject image and received $5,575.00 for its services, $2000 of which was a "creative fee." Dirksen Decl. No. 2 ¶ 2, Exh. A. The terms of usage of the subject image were: "1 yr. regional trade; expires 12/31/94." Compl. ¶ 9. Plaintiff alleges that she did not expect or intend that her likeness and image would be used for any other type of usage or past the stated date without her permission. *Id.* The parties do not appear to dispute that the image is copyrighted. *See id.*; *see* Mot. at 1.

Defendants allege that they retained the Best Label Company in 1995 to prepare a derivative work from the subject image for use on Pretty Lady brand labels. ("Dulcich Decl."), ECF No. 16-1 ¶ 4; Dirksen Decl. No. 2 ¶ 7. According to Defendants, the Pretty Lady graphic produced by the Best Label Company differs from the subject image through its use of reverse

imagery, deletion of leaves that embroidered Plaintiff's face and neck, rounding of the chin, thinning of the lips, widening of the facial structure, alteration to the directions in which the eyes focus, and further stylization of the facial features. Dulcich Decl. ¶ 4. In 2010, Defendants retained Marketing Plus for further branding and marketing services. *Id* ¶ 5. Defendants claim Marketing Plus produced seasonal variations on the Pretty Lady graphic, which include sunglasses and a floppy hat for summer and a Santa hat for winter. *Id.* Defendants assert that they have sold grapes with the Pretty Lady stylized graphics since at least August 1996. *Id.*

Plaintiff did not discover Defendants' use of the subject image or the Pretty Lady graphic until September 2014. Compl. ¶ 7. At that time, a friend informed Plaintiff that the friend recognized Plaintiff on Pretty Lady grapes that the friend saw at a grocery store. Busch Decl. ¶ 3. Plaintiff avers that multiple friends have since reported seeing Pretty Lady grapes with Plaintiff's picture on the label. *Id.* Plaintiff does not know how or when Defendants obtained her image. Compl. ¶ 8. Plaintiff filed suit against Defendants in Marin County Superior Court on October 30, 2014. *See* Compl.

Defendants allege that after Plaintiff filed her state court action, Holly Street Photography applied for a copyright registration for the copyrighted subject image and assigned all worldwide right, title, and interest to the subject image to Defendants effective December 31, 2014. Dirksen Decl. No. 1 ¶ 4. Defendants claim to be in the process of filing the assignment of the subject copyrighted image and registering the Pretty Lady graphic with the U.S. Copyright Office. *Id.* ¶¶ 5-6.

**B. Procedural History**

On October 30, 2014, Plaintiff filed suit against Defendants in Marin County Superior Court. *See* Compl. at 1. Plaintiff alleges that Defendants' use of Plaintiff's photograph and likeness in connection with the marketing, advertising, and sale of Pretty Lady grapes violated (1) Plaintiff's common law right of publicity; (2) Plaintiff's publicity rights under California Civil Code § 3344; and (3) unfair competition law under California Business and Professions Code § 17200. Compl. ¶¶ 11–36. Plaintiff requests preliminary and permanent injunctions; statutory,

1  general, restitutionary, and punitive damages; and attorney's fees and costs. Compl. at 7–8.

2  Plaintiff served both Defendants on November 3, 2014. ("Carlin Decl."), ECF No. 7-1 ¶ 3, Exh. A.

3  On December 12, 2014, Defendants filed their answer to Plaintiff's state court complaint.

4  *See* ("Answer"), ECF No. 1-2. Defendants' affirmative defense number 5 states that "Plaintiff's

5  claims are barred, in whole or in part, by the doctrine of copyright preemption." *Id.* at 5.

6  Defendants did not assert any counterclaims in their answer.

7  Defendants removed this case to federal court on January 27, 2015. ("Notice of Removal"),

8  ECF No. 1. The removal was based on "federal-question jurisdiction under 28 U.S.C. § 1331,

9  copyright and unfair competition jurisdiction under 28 U.S.C. § 1338, and Declaratory Judgment

10  Act jurisdiction under 28 U.S.C. § 2201-02." Notice of Removal at 1.

11  On February 6, 2015, Plaintiff filed the instant motion to remand. *See* Mot. at 6.

12  Defendants filed an opposition on February 20, 2015. *See* Opp. at 16. Plaintiff filed a reply on

13  February 27, 2015. *See* Reply at 18.[1]

14  **II.   LEGAL STANDARD**

15  A suit may be removed from state court to federal court only if the federal court would

16  have had subject matter jurisdiction over the case. 28 U.S.C. § 1441(a); *see Caterpillar Inc. v.*

17  *Williams*, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed

18  in federal court may be removed to federal court by the defendant."). If it appears at any time

19  before final judgment that the federal court lacks subject matter jurisdiction, the federal court must

20  remand the action to state court. 28 U.S.C. § 1447(c).

---

[1] Plaintiff objects to Nick Dulcich's declaration on the grounds that certain paragraphs and exhibits are hearsay, lack foundation, and are argumentative. *See* Reply 1–2. Plaintiff's objections with respect to the declaration of Nick Dulcich are OVERRULED. Plaintiff also objects to Defendants' counsel Thomas Dirksen's declaration on the grounds that it refers to an allegedly confidential settlement demand. Plaintiff moves to strike the reference to the settlement demand in Dirksen's declaration and in Defendants' opposition brief. As the Court does not rely on these references, the Court DENIES Plaintiff's motion to strike as moot.

Defendants object to Plaintiff's counsel Nicholas Carlin's declaration, ECF No. 19, and move to strike Carlin's allegedly "legally incorrect" and "argumentative opinion" regarding Defendants' references to Plaintiff's settlement demand. ECF No. 21. Again, as the Court does not rely on Carlin's declaration with respect to the settlement demand, the Court DENIES Defendants' motion to strike as moot.

4
Case No. 15-CV-00384-LHK
ORDER GRANTING MOTION TO REMAND

The party seeking removal bears the burden of establishing federal jurisdiction. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009). "The removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand." *Moore–Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citing *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992)). The § 1446(b) "time limit is mandatory and a timely objection to a late petition will defeat removal." *Fistoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1212 (9th Cir. 1989). "A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Plaintiff's motion to remand was filed within 30 days after the filing of Defendants' notice of removal and thus serves as a timely objection.

### III. DISCUSSION

In the instant case, Plaintiff advances two arguments in her motion to remand. Mot. at 1–2. Plaintiff contends that (1) Defendants' notice of removal was untimely, and (2) the Court lacks subject matter jurisdiction over this action. As the Court concludes that Defendants' removal was untimely, the Court need not reach Plaintiff's arguments with respect to subject matter jurisdiction.

#### A. Timeliness under 28 U.S.C. §1446

In support of her motion to remand, Plaintiff argues that Defendants' notice of removal was untimely because it was filed more than thirty days after Defendants had received notice of the state court action, in violation of 28 U.S.C. § 1446(b). Moreover, Plaintiff disputes whether Defendant can rely on 28 U.S.C. § 1454, which extends, for cause shown, the time limits of § 1446 in copyright, patent, and plant variety protection cases. The Court begins by addressing whether Defendants' removal of the instant action was timely under § 1446, before turning to whether Defendants' removal is subject to § 1454's exception to § 1446's time limits.

Section 1446 generally governs the time limits within which a defendant may remove a civil action from state court. *See* 28 U.S.C. § 1446. Section 1446 provides "two thirty-day windows during which a case may be removed—during the first thirty days after the defendant

receives the initial pleading or during the first thirty days after the defendant receives a paper 'from which it may first be ascertained that the case is one which is or has become removable' if 'the case stated by the initial pleading is not removable.'" *Harris v. Bankers Life and Casualty Co.*, 425 F.3d 689, 692 (9th Cir. 2005) (quoting 28 U.S.C. § 1146(b)(3)).

The first window is "during the first thirty days after the defendant receives the initial pleading." *Id.* Plaintiff served Defendants with the initial pleading on November 3, 2014. Carlin Decl. ¶ 3, Ex A. The deadline to file the notice of removal under the first window was therefore December 3, 2014. Defendants did not file their notice of removal until January 27, 2015, fifty-five days after the deadline. Defendants do not contest that their notice of removal was therefore untimely under the first removal window provided by § 1446(b)(1).

Defendants rely on the second window, created by § 1446(b)(3), which allows removal "within 30 days after receipt by defendant . . . of other paper from which it may first be ascertained the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Defendants contend that Holly Street Photography's assignment of all rights to the copyrighted image to Defendants constitutes "other papers from which it may first be ascertained that the case is one which is or has become removable" and removal was therefore justified under § 1446(b)(3). Opp. at 21. As discussed below, the Court finds Defendants' argument unpersuasive for two reasons.

First, § 1446(b)(3) does not apply as a matter of law. As the Ninth Circuit has previously explained, § 1446(b)(3) applies only where "a 'voluntary' act of the plaintiff brings about a change that renders the case removable." *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657–58 (9th Cir. 1978); *see also* William W. Shwartzer, A. Wallace Tashima & M. Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* ¶ 2:3354 (2013) ("Although [§ 1446(b)(3)] says nothing about how the change occurs, courts draw a distinction between 'voluntary' and 'involuntary' changes in the case."). More specifically, the "conversion [of a nonremovable case] can only be accomplished by the voluntary amendment of [the] pleadings by the plaintiff or, where the case is not removable because of joinder of defendants, by the voluntary dismissal or nonsuit by [the plaintiff] of the

6
Case No. 15-CV-00384-LHK
ORDER GRANTING MOTION TO REMAND

party or of parties defendant." *Self*, 588 F.2d at 659.

In the instant case, Defendants have failed to identify any voluntary action by Plaintiff that would have converted a nonremovable case to a removable case. Nor do Defendants cite any authority for the proposition that Defendants' acquisition of the copyright interest in the subject image can be considered a "voluntary" act by Plaintiff under § 1446(b)(3). As Plaintiff had nothing to do with Defendants' acquisition of the rights to the subject image, and Defendants have failed to explain how Defendants' decision could be considered a "voluntary" act by Plaintiff, the Court concludes that § 1446(b)(3) does not apply. *See, e.g.*, *Graybill-Bundgard v. Standard Ins. Co.*, 793 F. Supp. 2d 1117, 1119–20 (N.D. Cal. 2011) ("The voluntary/involuntary rule provides that, if a suit could not be filed in federal court at the time of its filing, then it 'must 'remain in state court unless a 'voluntary' act of the plaintiff brings about a change that renders the case removable.'" (quoting *Keating*, 986 F.2d at 348)).

Second, even if Defendants' acquisition of copyright interests could be described as a "voluntary" act by Plaintiff, the Court concludes that Defendants have failed to show why "the case stated by the initial pleading is not removable," as required under § 1446(b)(3). *See* 28 U.S.C. § 1446(b)(3). Defendants have argued that Plaintiff's claims, as described in Plaintiff's original state court pleading, are preempted by the Copyright Act. *See* Notice of Removal ¶ 2; Opp. at 13–19. More specifically, in addition to asserting copyright preemption as a basis for removal in their notice of removal, Defendants asserted in their December 12, 2014 answer to Plaintiff's state court complaint that "Plaintiff's claims are barred, in whole or in part, by the doctrine of copyright preemption." *See* Answer at 5. Defendants have therefore consistently contended that Plaintiff's claims arise under federal law, based on preemption under the Copyright Act. As Defendants were able to ascertain their copyright preemption argument based on Plaintiff's state court complaint, the thirty day window within which to remove the instant action under § 1446(b)(3) began at the same time as the thirty day window under § 1446(b)(1); when Plaintiff served her complaint on Defendants. *See, e.g.*, *Concept Chaser Co., Inc. v. Pentel of Am., Ltd.*, No. CV 11-8262, 2011 WL 4964963, at *2–3(C.D. Cal. Oct. 18, 2011) (finding a copyright preemption defense an

7

ascertainable basis for removal). As discussed above, Defendants filed their notice of removal more than eighty days after Plaintiff served the complaint. Defendants' notice of removal is therefore untimely under both §§ 1446(b)(1) and (b)(3).

In opposition, Defendants claim that their "affirmative defense based on copyright preemption was theoretical when they filed their answer" and "became concrete when the [sic] acquired the copyright interest and the direct standing to seek declaratory judgment relief under the copyright law." Opp. at 21. This is incorrect as a matter of law, as the Ninth Circuit has stated that:

> Whether a claim is preempted under Section 301 *does not turn on what rights the alleged infringer possesses*, but on whether the rights asserted by the plaintiff are equivalent to any of the exclusive rights within the general scope of the copyright. The question is whether the rights are works of authorship fixed in a tangible medium of expression and come within the subject matter of the Copyright Act. If a plaintiff asserts a claim that is the equivalent of a claim for infringement of a copyrightable work, that claim is preempted, *regardless of what legal rights the defendant might have acquired*.

*Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1154–55 (9th Cir. 2010) (emphases added). Defendants' ownership of the copyright was therefore immaterial to Defendants' copyright preemption defense, and Defendants cite no authority to the contrary. Indeed, the fact that Defendants raised a copyright preemption defense before Defendants acquired any interest in the subject image undermines Defendants' argument that Defendants needed to have an ownership interest prior to raising a preemption defense.

In sum, the Court concludes that Defendants' notice of removal is untimely under both § 1446(b)(1) and (b)(3). Consequently, Defendants' removal is timely only if Defendants satisfy the requirements for § 1454, which extends the time within which to remove copyright, patent, and plant variety protection actions.

### B. 28 U.S.C. § 1454

As discussed above, while § 1446 provides the general rule for when a defendant must remove an action, § 1454 creates a narrow exception to those time limits in copyright, patent, and

8
Case No. 15-CV-00384-LHK
ORDER GRANTING MOTION TO REMAND

plant variety protection actions. *See* 28 U.S.C. § 1454. More specifically, § 1454(a)-(b) provide:

> (a) In general.--A civil action in which any party asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights may be removed to the district court of the United States for the district and division embracing the place where the action is pending.
>
> (b) Special rules.--The removal of an action under this section shall be made in accordance with section 1446, except that if the removal is based solely on this section--
>
> > (1) the action may be removed by any party; and
> >
> > (2) the time limitations contained in section 1446(b) may be extended at any time for cause shown.

28 U.S.C. § 1454(a)-(b).

Section 1454 therefore serves as an exception to the general rule that federal question jurisdiction exists only when the plaintiff's complaint includes a cause of action arising under federal law. *Vaden v. Discover Bank,* 556 U.S. 49, 60 (2009). Accordingly, the United States Supreme Court has held that federal defenses and counterclaims generally do not establish federal question jurisdiction. *See Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 831–32 (2002). More specifically, in *Holmes*, the United States Supreme Court held that a defendant's patent law counterclaim could not support removal jurisdiction where the plaintiff had not pled any federal claims. *Id.* at 831–33. In response to the *Holmes* decision, Congress passed § 1454 to ensure that state courts would not "adjudicat[e] federal patent and copyright claims presented in counterclaims." *Van Steenburg v. Hageman*, No. 14-cv-976, 2014 WL 1509940, at *5 (W.D. Tex. Mar. 31, 2015).

Here, Defendants contend that even if their notice of removal is untimely under § 1446(b)(1) and (b)(3), Defendants properly removed the action under § 1454(b). As a threshold matter, the Court notes that the "voluntary-involuntary" rule does not apply to removal under § 1454, as the statute expressly provides that "any party" may assert the claim supporting removal. 28 U.S.C. § 1454(a). However, as discussed below, the Court concludes that § 1454 does not apply because Defendants have failed to actually assert a claim as required by § 1454.

9
Case No. 15-CV-00384-LHK
ORDER GRANTING MOTION TO REMAND

Section 1454 applies only where a party "asserts a claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights." 28 U.S.C. § 1454(a). In the instant case, Defendants have failed to assert a claim for relief, whether in the form of a counterclaim or otherwise, in an answer or any other pleading. *See generally* Answer. Defendants simply state a desire for declaratory judgment regarding their recently acquired copyright interests in the notice of removal, opposition to Plaintiff's motion to remand, and the declaration of Nick Dulcich in support of Defendants' opposition to Plaintiff's motion to remand. *See* Notice of Removal at 2; Opp. at 13; Dulcich Decl. ¶ 6. Defendants fail to explain, however, why these documents are pleadings under Federal Rule of Civil Procedure 7(a). *See* Fed. R. Civ. P. 7(a); *see also* Charles Wright & Arthur Miller, Federal Practice & Procedure § 1475 (noting that motions are not "pleadings" and citing *Nolen v. Fitzharris*, 450 F.2d 958 (9th Cir. 1971)); *Masimo Corp. v. Mindray DS USA, Inc.*, Civ. A. 14-0405 SDW, 2015 WL 93759, at *3 (D.N.J. Jan. 7, 2015) ("A party can only 'assert a claim for relief' in a pleading."). Nor do Defendants explain how a reference to a desire to seek declaratory relief in the future can satisfy the pleading standards of Federal Rule of Civil Procedure 8.[2] The Court further notes that Defendants failed to even cite § 1454 as a basis for removal in their notice of removal. *See* Notice of Removal.

To the extent Defendants might rely on their requests in their notice of removal or opposition brief as indicative of anticipated counterclaims that could support removal under § 1454, the Court finds this argument unavailing. The few courts that have addressed similar arguments have concluded that § 1454 requires a party to actually "assert[] a claim for relief," not merely raise the specter of a future claim. *See, e.g.*, *Masimo Corp*, 2015 WL 93759, at *3 (concluding anticipated counterclaims insufficient to support removal under § 1454); *see also Peaches & Cream LLC v. Robert W. Baird & Co. Inc.*, No. 14-CV-6633 JG, 2015 WL 1508746, at

---

[2] Indeed, Defendants' cursory explanation for why § 1454 would render Defendants' removal timely not only fails to address the lack of an actual claim, but also fails to discuss the "cause" requirement under § 1454(b)(2). *See* Opp. at 12–13, 21. In light of Defendants' actual knowledge of an apparent basis for removal at the time Plaintiff served the complaint, the Court is skeptical that Defendants could satisfy the "for cause shown" requirement of § 1454(b)(2).

10
Case No. 15-CV-00384-LHK
ORDER GRANTING MOTION TO REMAND

1  *4 (E.D.N.Y. Mar. 31, 2015) (finding that § 1454 "does not . . . provide for removal based on

2  anticipated defenses"). As no appellate court has opined on the scope of § 1454, the Court finds

3  the *Masimo* court's decision instructive.

4        In *Masimo*, the court rejected the defendant's argument that anticipated counterclaims

5  could support removal under § 1454. More specifically, the *Masimo* court concluded that allowing

6  anticipated counterclaims to support removal under § 1454 "would allow for certain anomalous

7  results." *Masimo*, 2015 WL 93759, at *3. As the court explained:

> [A] defendant could file a Notice of Removal on the basis of anticipated patent counterclaims, and then subsequently file a motion to dismiss before ever actually filing the answer and counterclaims. A court could then assert jurisdiction and rule on a motion without ever having any patent claims asserted in the case in federal court.

12  *Masimo Corp. v. Mindray DS USA, Inc.*, No. 14-405 SDW MCA, 2014 WL 7495105, at *4

13  (D.N.J. Sept. 5, 2014), *report and recommendation adopted*, No. CIV.A. 14-0405 SDW, 2015 WL

14  93759 (D.N.J. Jan. 7, 2015). Relying on "the plain language of Section 1454 . . . [and] by the

15  principle of strict construction of removal statutes," the *Masimo* court remanded the matter. *Id.*

16        As in *Masimo*, Defendants in the instant case have "reference[d] . . . potential . . .

17  counterclaims," but failed to assert any such claims for relief in a filed pleading. *Id.* Moreover,

18  Defendants offer no explanation for why a passing reference to a potential counterclaim is

19  sufficient to support removal under § 1454. Accordingly, the Court concludes that Defendants

20  have failed to "assert[] a claim for relief" as required under § 1454. Any other result would,

21  indeed, produce "anomalous results," as such a rule would allow parties to remove actions to

22  federal courts where federal claims may never actually be raised. *See id.* The Court agrees with the

23  *Masimo* court that such an outcome "could not be in line with the intentions of Congress when it

24  enacted Section 1454." *Masimo Corp.*, 2014 WL 7495105, at *4.

25        In sum, the Court finds that Defendants cannot rely on § 1454(b) to render their notice of

26  removal timely because Defendants have not "assert[ed] a claim for relief arising under any Act of

27  Congress relating to patents, plant variety protection, or copyrights." 28 U.S.C. § 1454(a). As

"[t]he removal statute is strictly construed, and any doubt about the right of removal requires resolution in favor of remand," the Court concludes that remand is appropriate in the instant case. *Moore–Thomas*, 553 F.3d at 1244.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand and REMANDS this case to the Marin County Superior Court.

**IT IS SO ORDERED.**

Dated: June 17, 2015

_____
LUCY H. KOH
United States District Judge

Case No. 15-CV-00384-LHK
ORDER GRANTING MOTION TO REMAND