1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

NORTHERN DISTRICT OF CALIFORNIA

10

SAN JOSE DIVISION

11
12

CYNDRA BUSCH,

Case No. 15-CV-00384-LHK

13

Plaintiff,

**ORDER DENYING MOTION FOR JUST COSTS AND ACTUAL EXPENSES PURSUANT TO 28 U.S.C. § 1447(C)**

14

v.

15

JAKOV DULCICH AND SONS LLC, et al.,

Re:  Dkt. No. 34

16

Defendants.

17
18

On June 17, 2015, the Court granted Plaintiff Cyndra Busch's motion to remand because

19

Defendants' notice of removal was untimely.  ECF No. 33 ("Remand Order").  Before the Court is

20

Plaintiff's motion under 28 U.S.C. § 1447(c) for just costs and actual expenses incurred as a result

21

of the improper removal.  ECF No. 34 ("Mot").  Having considered the submissions of the parties,

22

the relevant law, and the record in this case, the Court hereby DENIES Plaintiff's motion for costs

23

and fees.

24

**I.      BACKGROUND**

25

**A. Factual Background**

26

Although the parties do not describe the factual background of this case in the briefing of

27
28

Case No. 15-CV-00384-LHK
ORDER DENYING MOTION FOR JUST COSTS AND ACTUAL EXPENSES PURSUANT TO 28 U.S.C. § 1447(C)

United States District Court
Northern District of California

the instant motion, the Court believes some background is useful to understanding the parties'

costs and fees arguments.  Thus, the Court refers briefly to the facts as described in the Remand

Order:

> Plaintiff is a professional model and actress who lives in Lake County, California.  She has appeared as a model in a number of catalogues, films, and international advertising campaigns.  Defendant Jakov Dulcich & Sons, LLC is a California limited liability company and has its principal place of business in McFarland, California.  Defendant Sunlight International Sales, Inc. is a California corporation and has its principal place of business in McFarland, California. Defendants have been growing and selling table grapes using the Pretty Lady name since the late 1980s and the PRETTY LADY® brand since December 30, 1997.

> In October 1993, Ketchum Advertising hired Holly Stewart Photography as an independent contractor to take a photographic image (hereinafter, the "subject image") for use in a CIBA Plant Protection print advertising campaign.  In or about January 1994, Ketchum Advertising retained Plaintiff as a model to pose for the subject image. . . .The parties do not appear to dispute that the image is copyrighted.

> Defendants allege that they retained the Best Label Company in 1995 to prepare a derivative work from the subject image for use on Pretty Lady brand labels.  According to Defendants, the Pretty Lady graphic produced by the Best Label Company differs from the subject image . . . . Defendants assert that they have sold grapes with the Pretty Lady stylized graphics since at least August 1996.

> Plaintiff did not discover Defendants' use of the subject image or the Pretty Lady graphic until September 2014. . . . Plaintiff does not know how or when Defendants obtained her image.  Plaintiff filed suit against Defendants in Marin County Superior Court on October 30, 2014.

> Defendants allege that after Plaintiff filed her state court action, Holly Street Photography applied for a copyright registration for the copyrighted subject image and assigned all worldwide right, title, and interest to the subject image to Defendants effective December 31, 2014.  Defendants claim to be in the process of filing the assignment of the subject copyrighted image and registering the Pretty Lady graphic with the U.S. Copyright Office.

Remand Order at 2-3 (internal citations omitted).

## B.  Procedural History

On October 30, 2014, Plaintiff filed suit against Defendants in Marin County Superior

Court.  ECF No. 1.  Plaintiff alleges that Defendants' use of Plaintiff's photograph and likeness in

connection with the marketing, advertising, and sale of Pretty Lady grapes violated (1) Plaintiff's

common law right of publicity; (2) Plaintiff's publicity rights under California Civil Code § 3344;

Case No. 15-CV-00384-LHK
ORDER DENYING MOTION FOR JUST COSTS AND ACTUAL EXPENSES PURSUANT TO 28 U.S.C. § 1447(C)

United States District Court
Northern District of California

and (3) unfair competition law under California Business and Professions Code § 17200.  *Id.* ¶¶ 11-36.

On January 27, 2015, just one day before the deadline to respond to Plaintiff's state court discovery requests, Defendants removed this case to federal court and argued that federal copyright law preempted Plaintiff's California claims.  ECF No. 1 ("Notice of Removal"); Mot. at 7.  The Notice of Removal cited "federal-question jurisdiction under 28 U.S.C. § 1331, copyright and unfair competition jurisdiction under 28 U.S.C. § 1338, and Declaratory Judgment Act jurisdiction under 28 U.S.C. § 2201-02."  Notice of Removal at 1.  The Notice of Removal also asserted that removal was timely under 28 U.S.C. § 1446(b)(2)-(3).  *Id.* at 5.  Plaintiff twice urged Defendants to withdraw the Notice of Removal, including because removal was untimely.  ECF No. 1-1 (Declaration of Nicholas A. Carlin).  Defendants did not withdraw the Notice of Removal.

On February 6, 2015, Plaintiff filed a motion to remand.  ECF No. 6.  On February 20, 2015, Defendants opposed the motion to remand.  ECF No. 16.  Defendants did not dispute that the Notice of Removal was filed more than thirty days after Defendants received notice of the state court action, and thus that the Notice of Removal was untimely under 28 U.S.C. § 1446(b)(1).  *Id.* However, Defendants argued that the deadline for removal was extended past the default thirty-day deadline.  *Id.*  First, Defendants argued that Holly Street Photography's assignment of all rights to the copyrighted image to Defendants triggered a new thirty-day window under 28 U.S.C. § 1446(b)(3) in which Defendants could remove the case.  *Id.*  Second, Defendants argued that the case fell within 28 U.S.C. § 1454's extension of the deadline for removal of copyright claims because Defendants wanted a declaratory judgment under the federal Copyright Act.  *Id.*

On June 17, 2015, the Court granted Plaintiff's motion to remand.  Remand Order at 12.  The Court rejected both of Defendants' timeliness arguments.  First, the Court found that the deadline for removal was not extended by § 1446(b)(3), which applies only when a case becomes removable because of a voluntary act of the plaintiff.  *Id.* at 6-7.  The Court concluded that the assignment of the copyright to Defendants was not a voluntary act by Plaintiff.  *Id.* at 7.  Second,

United States District Court
Northern District of California

3

1    the Court held that the deadline for removal was not extended by § 1454 because Defendants did

2    not assert a "claim for relief" as required by § 1454.  *Id.* at 8-11.

3         On June 24, 2015, Plaintiff filed this motion for an award of costs and fees resulting from

4    improper removal.  Mot.  Defendants opposed the motion on July 8, 2015.  ECF No. 35 ("Opp.").

5    On July 15, 2015, Plaintiff replied.  ECF No. 37 ("Reply").

6    **II.    LEGAL STANDARD**

7         Following remand of a case upon unsuccessful removal, the district court may award "just

8    costs and any actual expenses, including attorney fees, incurred as a result of the removal."  28

9    U.S.C. § 1447(c).  The award of fees and costs is in the discretion of the district court.  *Lussier v.*

10   *Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).  Nonetheless, "[a]bsent unusual

11   circumstances, courts may award attorney's fees under § 1447(c) only where the removing party

12   lacked an objectively reasonable basis for seeking removal.  Conversely, when an objectively

13   reasonable basis exists, fees should be denied."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132,

14   141 (2005).

15        The objective reasonableness of removal depends on the clarity of the applicable law and

16   whether such law "clearly foreclosed the defendant's basis of removal."  *Lussier*, 518 F.3d at

17   1066-67.  "If the law in the Ninth Circuit is not so clear as to make the removing party's endeavor

18   entirely frivolous, a court will deny the request for attorney's fees."  *FSM Dev. Bank v. Arthur*,

19   No. 11-CV-05494-LHK, 2012 WL 1438834, at *7 (N.D. Cal. Apr. 25, 2012) (brackets omitted).

20   **III.   DISCUSSION**

21        As discussed above, in Defendants' opposition to Plaintiff's motion to remand, Defendants

22   argued that removal was timely for two independent reasons: (1) the deadline for removal was

23   extended by § 1446(b)(3), and (2) the deadline for removal was extended by § 1454.  ECF No. 16.

24   In the instant motion, Plaintiff argues that neither of these reasons for removal was "objectively

25   reasonable."  Mot. at 4-5.  In Defendants' opposition to the instant motion, Defendants do not

26   contend that their argument that the deadline for removal was extended by § 1446(b)(3) was

27

28   Case No. 15-CV-00384-LHK
     ORDER DENYING MOTION FOR JUST COSTS AND ACTUAL EXPENSES PURSUANT TO 28 U.S.C.
     § 1447(C)

*United States District Court*
*Northern District of California*

1  objectively reasonable.  Defendants do, however, contend that their argument that the deadline for

2  removal was extended by § 1454 was objectively reasonable because the scope of § 1454 is

3  unsettled.  Opp. at 8.

4        Alternatively, Plaintiff claims that Defendants' bad faith in removing the case before

5  responding to Plaintiff's state court discovery requests is "an unusual circumstance" justifying an

6  award of costs and fees.  *Id.* at 7-8.  Plaintiff thus seeks $47,394.57 for the costs and attorney's

7  fees incurred in moving to remand.  *See* 28 U.S.C. § 1447(c).  The Court addresses each of

8  Defendants' timeliness arguments in turn, and then turns to Plaintiff's "unusual circumstance"

9  argument.

10       Defendants do not contend that removal under § 1446(b)(3) was objectively reasonable.

11 *See generally* Opp.  Defendants' § 1446(b)(3) arguments were clearly foreclosed by precedent.  As

12 the Remand Order explained, citing controlling precedent, Defendants' acquisition of the rights to

13 the copyrighted image was not a voluntary act by Plaintiff that converted a nonremovable case to a

14 removable case.  Remand Order at 6-8 (citing *Self v. Gen. Motors Corp.*, 588 F.2d 655, 657-58

15 (9th Cir. 1978) (noting that § 1446(b)(3) applies only where "a voluntary act of the plaintiff brings

16 about a change that renders the case removable"); *Jules Jordan Video, Inc. v. 144942 Canada Inc.*,

17 617 F.3d 1146, 1154-55 (9th Cir. 2010) (noting copyright preemption does not turn on the rights

18 of the alleged infringer); 28 U.S.C. § 1446(b)(3) (extending deadline for removal "if the case

19 stated by the initial pleading is not removable")).  Thus, Defendants do not rely on their

20 § 1446(b)(3) timeliness argument in opposing the instant motion.

21       However, Defendants contend that removal under § 1454 was objectively reasonable

22 because § 1454 extends the time limitations for removal when the removing party "asserts a claim

23 for relief arising under any Act of Congress relating to . . . copyrights."  28 U.S.C. § 1454.  The

24 Court rejected Defendants' argument in the Remand Order.  Remand Order at 8-11.  Specifically,

25 the Court determined that Defendants had not "assert[ed] a claim" because Defendants had not

26 actually made a claim for a declaratory judgment.  *Id.* at 10.  Moreover, an anticipated

27

28 Case No. 15-CV-00384-LHK
ORDER DENYING MOTION FOR JUST COSTS AND ACTUAL EXPENSES PURSUANT TO 28 U.S.C.
§ 1447(C)

United States District Court
Northern District of California

5

counterclaim was not a "claim" under § 1454. *Id.* at 10-11.  Thus, the Court concluded that

§ 1454 did not extend the Defendants' deadline for removal and removal was untimely.  *Id.*at 11-

12.

Plaintiff argues that Defendants had no colorable argument that Defendants asserted a

"claim" under § 1454.  Reply at 4.  Plaintiff contends that the only unsettled question about

§ 1454's application is whether a counterclaim actually filed after removal is a "claim" under

§ 1454.  *Id.*  However, Plaintiff points to no authority clearly foreclosing that an anticipated

counterclaim may be a "claim" under § 1454.  *See generally* Mot.; Reply.  Although the Court

determined that an anticipated counterclaim was not a "claim" under § 1454, "removal is not

objectively unreasonable solely because the removing party's arguments lack merit." *Lussier*, 518

F.3d at 1065.  In the Remand Order, the Court noted that "no appellate court has opined on the

scope of § 1454."  Remand Order at 11.  To determine that an anticipated counterclaim was not a

"claim" under § 1454, the Court found persuasive two out-of-circuit district court cases.  *Id.*  Thus,

the law in the Ninth Circuit was not "so clear as to make the removing party's endeavor entirely

frivolous." *FSM Dev. Bank*, 2012 WL 1438834, at *7.

Plaintiff counters that Defendants failed to cite § 1454 in the Notice of Removal.  Reply at

4.  Although the Court also noted this failure with disapproval in the Remand Order, the Court

proceeded to address Defendants' arguments about timeliness under § 1454.  Remand Order at 9-

11.  The objective reasonableness of removal depends on the clarity of the applicable law.

*Lussier*, 518 F.3d at 1066-67.  Because Ninth Circuit law does not define a "claim" under § 1454,

"a reasonable litigant in [Defendant's] position could have concluded that federal court was the

proper forum in which to litigate [Plaintiff's] claims." *See Gardner v. UICI*, 508 F.3d 559, 562

(9th Cir. 2007).  Plaintiff cites no authority to the contrary.  The Court finds that Defendants had

an objectively reasonable basis for removal. *See HSBC Bank USA, N.A. v. Bryant*, No. 09-CV-

1659-IEG (POR), 2009 WL 3787195, at *4 & n.5 (S.D. Cal. Nov. 10, 2009) (finding removal was

not objectively unreasonable when the defendant "might be relying on his counterclaims to meet

Case No. 15-CV-00384-LHK
ORDER DENYING MOTION FOR JUST COSTS AND ACTUAL EXPENSES PURSUANT TO 28 U.S.C.
§ 1447(C)

United States District Court
Northern District of California

the jurisdictional amount," which is an unsettled issue of law).

Finally, Plaintiff argues that, even if Defendants had an objectively reasonable basis for removal, "unusual circumstances" warrant costs and fees in this case. *See Martin*, 546 U.S. at 141. Plaintiff notes that Plaintiff granted Defendants an extension of the deadline to respond to Plaintiff's state court discovery requests and that Defendants filed the Notice of Removal one day before the extended deadline. Mot. at 7. Although it appears Defendants have not responded to the state court discovery requests, ECF No. 34-1 (Declaration of Nicholas A. Carlin), discovery did proceed after removal, ECF No. 36 (Declaration of Paul D. Swanson) (noting Defendants served Plaintiffs with Federal Rule of Civil Procedure 26(f) disclosures, made an initial document production, and served written answers to Plaintiff's discovery requests). Plaintiff does not argue that Defendants failed to comply with Federal Rule of Civil Procedure 26 or violated any discovery deadlines in the federal case. Plaintiff does not demonstrate the level of bad faith that courts have found justifies the imposition of costs and fees. *See Concept Chaser Co., Inc. v. Pentel of Am. Ltd.*, No. 11-CV-8262, 2011 WL 4964963, at *3 (C.D. Cal. Oct. 18, 2011) (finding bad faith when defendant removed on the morning of trial based on a defense defendant had asserted since the start of litigation). Accordingly, the Court exercises its discretion to DENY Plaintiff's motion for costs and fees.

## IV.   CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for costs and fees under 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated:  October 9, 2015

_____
LUCY H. KOH
United States District Judge

7

United States District Court
Northern District of California